■ In the Matter of THOMAS F. WHELAN, Petitioner, v PATRICIA B. ADDUCI, as Commissioner of the New York State Department of Motor Vehicles, Respondent.—Proceeding pursuant to CPLR article 78 to review an order of the New York State Commissioner of Motor Vehicles, dated July 18, 1986, which, *inter alia,* accepted the recommendation of the administrative appeals board to affirm the determination of an Administrative Law Judge, and revoked the petitioner's driver's license.

Adjudged that the order is confirmed, with costs.

The petitioner was stopped by the New York State Police in the early morning hours of January 25, 1986, on the Southern State Parkway for speeding. The police officers observed that his eyes were bloodshot and that he had the odor of alcohol on his breath. He was arrested for driving while intoxicated.

Back at the precinct 25 minutes after the arrest, the petitioner refused to submit to a chemical test to determine the amount of alcohol in his blood after he was warned that his refusal would result in the immediate revocation of his driver's license. At his arraignment, the arresting officer's written report of refusal of the chemical test was presented to the court, which set the matter down for a revocation hearing four days later.

At the revocation hearing, neither party appeared. The Administrative Law Judge determined, based upon the written report of the petitioner's refusal to submit to a chemical test, that the arrest of the petitioner had been lawful, and that the petitioner had refused to submit to the test after having been given sufficient warning that his refusal would result in the revocation of his license. Therefore, the Administrative Law Judge revoked the petitioner's license in accordance with Vehicle and Traffic Law § 1194 and 15 NYCRR part 139.

Upon administrative appeal, the revocation was affirmed by the New York State Commissioner of Motor Vehicles upon the recommendation of the administrative appeals board. It was determined that the Administrative Law Judge's reliance

upon the written report of the petitioner's refusal provided substantial evidence to support the revocation.

We agree. The written report of the petitioner's refusal provided proof of such quality and quantity that it could have persuaded a detached fact finder that the petitioner had refused to submit to the chemical test after having been given adequate warning of the effect of his refusal (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 181). Moreover, the quantum of the evidence before the Administrative Law Judge was substantial since his finding of revocation was supported by the kind of proof that responsible persons rely upon in their serious affairs (see, People ex rel. Vega v Smith, 66 NY2d 130; National Labor Relations Bd. v Remington Rand, 94 F2d 862, cert denied 304 US 576, reh denied sub nom. Remington Rand v United States, 304 US 590).

We find that the petitioner's remaining contentions are without merit. Mangano, J. P., Niehoff, Sullivan and Harwood, JJ., concur.