■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNIOR STOUTE, Appellant.

The defendant was not present at the *Sandoval* hearing. He contends that his absence affected a substantial right and requires invalidation of his conviction.

A criminal defendant has a constitutional and statutory right to be present during all material stages of the trial of the indictment (CPL 260.10; *People v Mullen,* 44 NY2d 1). However, this right may also be waived *(People v Parker,* 57 NY2d 136). Here, defense counsel expressly waived the defendant's presence, and proceeded in his absence. Further, during seven days of trial no motion was made to reopen the *Sandoval* hearing. Under these circumstances we find that the defendant's rights were not prejudiced by his absence during the hearing *(see, People v Colombani,* 22 AD2d 956, *affd* 16 NY2d 1055, *rearg denied* 17 NY2d 730).

The defendant also argues that the trial court incorrectly refused to instruct the jury on the affirmative defense to the charge of robbery in the first degree (Penal Law § 160.15 [4]). The victim testified that he felt a hard object in his back and was later hit across the nose by a cold steel object. Although he saw no gun and no gun was recovered, there was no evidence in the record that the weapon was either unloaded or inoperable. Under these circumstances the court properly refused to submit to the jury the requested instruction *(People*

*v Watts,* 57 NY2d 299; *People v Cotarelo,* 129 AD2d 725, *lv granted* 70 NY2d 707, *affd* 71 NY2d 941).

We have reviewed the defendant's claim that his sentence was excessive and find it to be without merit. Bracken, J. P., Kunzeman, Rubin and Spatt, JJ., concur.