■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOHNNIE PETERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered May 14, 1986, convicting him, of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The sole issue raised by the defendant is whether he was denied due process when the trial court proceeded to conduct a *Sandoval* hearing without him being physically present.

A criminal defendant's constitutional and statutory right to be present during all material portions of the trial of an indictment *(see,* CPL 260.20; *People v Mullen,* 44 NY2d 1, 4-5) may be waived, either expressly or impliedly, provided that the waiver was knowing, voluntary and intelligent *(see, People v Parker,* 57 NY2d 136, 140; *People v Hubener,* 133 AD2d 233). In the instant case, defense counsel expressly waived his client's presence at the beginning of the pretrial conference which encompassed the hearing, and participated in the hearing in the absence of the defendant without objection. Moreover, neither the defendant nor his attorney raised an objection or moved to reopen the hearing at any point in time subsequent thereto. Under such circumstances, it cannot be said that the defendant's rights were prejudiced by his absence from the *Sandoval* hearing *(see, People v Colombani,* 22 AD2d 956, *affd* 16 NY2d 1055, *rearg denied* 17 NY2d 730; *see also, People v Stoute,* 140 AD2d 728). Mangano, J. P., Thompson, Sullivan and Balletta, JJ., concur.