■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Thurman Scott, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered April 23, 1985, as amended November 19, 1987, convicting him of robbery in the first degree, robbery in the second degree, unlawful imprisonment in the first degree, grand larceny in the third degree, criminal possession of stolen property in the second degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant was excluded from his *Sandoval* hearing, which was conducted in chambers. This constituted a violation of his statutory and constitutional right to be present at all "material stages" of his trial *(see,* US Const 6th, 14th Amends; NY Const, art I, § 6; *Snyder v Massachusetts,* 291 US 97, 105-106; *People v Cain,* 76 NY2d 119; *People v Mehmedi,* 69 NY2d 759, 760-761; *People v Ciaccio,* 47 NY2d 431, 436-437). A *Sandoval* hearing is certainly one phase of trial during which the defendant's presence "has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *(Snyder v Massachusetts, supra,* at 105-106.) Accordingly, in *People v Jenkins* (157 AD2d 854), and *People v Peterson* (151 AD2d 512) we held that a *Sandoval* hearing constitutes a material stage of trial, at which the defendant has a right to be present. There is no proof of an express waiver of this right in this case *(cf., People v Peterson, supra)* and the error in excluding the defendant cannot be considered harmless *(see, e.g., People v Cain, supra; People v Mehmedi, supra).* The judgment under review, as amended, must therefore be reversed, and we need not pass on any other issue including those raised in the defendant's supplemental *pro se* brief. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.