■ In the Matter of WILLIAM P. NOLAN, Petitioner, v PATRICIA B. ADDUCI, as Commissioner of Motor Vehicles of the State of New York, Respondent.—Determination of the respondent Commissioner of Motor Vehicles of the State of New York, dated June 9, 1989, which revoked petitioner's driver's license and assessed a $100 civil penalty, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of Sup Ct, NY County, William J. Davis, J., entered Jan. 25, 1990) is unanimously dismissed, without costs. The clerk is directed to enter judgment in favor of respondent confirming the determination.

Petitioner's claims concerning gaps in the transcription of his hearing were waived when he declined a second hearing and chose to proceed with his administrative appeal on the existing transcript. In any event, accepting the truth of petitioner's allegations concerning the substance of the allegedly

"missing" testimony, the administrative determination that petitioner was legally arrested was supported by substantial evidence. *(See, Matter of Pell v Board of Educ.,* 34 NY2d 222.) Substantial evidence was adduced, by the testimony of the arresting officer, that petitioner's car was exceeding the speed limit and weaving back and forth, that the officer noticed the smell of alcohol on petitioner's breath, and that petitioner refused to take a breathalyzer test, which established reasonable grounds for the arrest. There was also substantial evidence that petitioner was adequately advised of the reason for which he was being arrested as required by CPL 140.15 *(see, People v Coffey,* 12 NY2d 443, 453, *mot to amend remittitur granted* 13 NY2d 726, *cert denied* 376 US 916), and that the officer gave the correct warning as to the consequence of a refusal to submit to the breathalyzer test. Moreover, petitioner's argument that the warnings were confusing because read in tandem with the *Miranda* warnings is without merit.

Petitioner was not deprived of his right to counsel. The holder of a driver's license is not permitted to condition his or her consent to take a chemical test on first consulting with an attorney. *(See, Matter of Smith v Passidomo,* 120 AD2d 599.) The appeals procedure provided for in Vehicle and Traffic Law § 261, which requires that an appellant order the transcript of the hearing for administrative review, neither deprived petitioner of due process nor was inconsistent with State Administrative Procedure Act § 302, which only requires the agency to produce a transcript for judicial review.

We have examined petitioner's remaining contentions and find that they are without merit. Concur—Rosenberger, J. P., Kassal, Wallach, Smith and Rubin, JJ.