■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE WILLIAMS, Appellant.—Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered June 26, 1990, convicting defendant after a jury trial of attempted robbery in the second degree, and which sentenced him as a persistent violent felony offender to an indeterminate term of 9 years to life imprisonment, unanimously affirmed.

Undercover officers observed defendant and his accomplice standing together on a train platform, immediately prior to entering separate subway cars, coming together, acknowledging one another, and then commence moving from car to car. One officer followed the pair, staying one car behind. When they reached their intended victim, the perpetrators sat down near her, separately. As the subway train pulled into the

station, one perpetrator held the car door open as the other demanded the victim's handbag, as he grasped for it. The victim backed into a corner, refusing to give up her bag which incited one of the perpetrators to shout, "Shoot her down." The defendants were immediately apprehended.

The charge for which defendant was convicted required proof that he attempted to forcibly steal property when aided by another person actually present. The only significant issue on appeal with respect to legal sufficiency concerns the evidence of force. Forcible stealing is defined in terms of the use or threatened use of physical force during the course of the robbery, compelling the owner to give up the property, or overcoming resistance (Penal Law § 160.00). The perpetrators' conduct, coupled with the explicit threat in the present case, establishes the element of force *(see, e.g., People v Woods,* 41 NY2d 279; *People v Zagorski,* 135 AD2d 594; *People v Santiago,* 62 AD2d 572, *affd* 48 NY2d 1023). As such, circumstances which otherwise would constitute attempted larceny were escalated to attempted robbery. Further, the evidence is legally sufficient to establish that defendant intentionally aided his co-defendant (Penal Law § 20.00) and that he intended to participate *(see, People v Corbett,* 162 AD2d 415, *lv denied* 77 NY2d 837).

Under the standards set forth in *People v Bleakley* (69 NY2d 490, 495), the verdict was not against the weight of the evidence.

By choosing not to have the lesser included offense of attempted petit larceny submitted to the jury, defendant waived any such challenge on appeal. In any event, there was no reasonable view of the evidence that defendant committed only the lesser offense, but not the greater offense (CPL 300.50 [1]; *People v Glover,* 57 NY2d 61, 63-64).

Since this was a case of mixed circumstantial and direct evidence, the court was not required to deliver a moral certainty charge *(cf., generally, People v Ford,* 66 NY2d 428). Since defendant failed to except to the court's submission, sua sponte of a no-adverse inference charge (CPL 300.10 [2]), defendant has failed to preserve this claim for review as a matter of law (CPL 470.05 [2]; *People v Dekle,* 56 NY2d 835). If we were to review in the interest of justice, we would find that reversal is not required *(People v Vereen,* 45 NY2d 856; *People v Temple,* 165 AD2d 748, *lv denied* 76 NY2d 944, 945). Likewise, the defendant has not preserved any challenge to the court's supplemental instructions by appropriate objection and

if we were to review, we would find defendant's claim to be without merit.

By failing to submit a post judgment motion pursuant to CPL 440.10 (1) (h) challenging the effectiveness of his trial representation, defendant has failed to provide an adequate record for review of his present appellate claims *(People v Jones,* 55 NY2d 771, 773; *People v Brown,* 45 NY2d 852, 853-854). On the present state of the record, we cannot conclude that defendant had met his burden of demonstrating that he was denied meaningful representation *(People v Baldi,* 54 NY2d 137, 146-147), and that but for counsel's purported incompetence, the outcome of the proceedings would have been different *(Strickland v Washington,* 466 US 668, 690). The record reveals only defendant's disagreement with counsel's apparent strategies *(People v Rivera,* 71 NY2d 705, 708-709), which does not provide a basis for reversal.

In conclusion, considering defendant's lengthy criminal record, it cannot be said that the sentencing court abused its discretion *(People v Farrar,* 52 NY2d 302, 305-306), and we find no basis to disturb that exercise of discretion. Concur—Sullivan, J. P., Milonas, Wallach, Kupferman and Asch, JJ.