■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE FOUST, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered March 21, 1990, convicting him of manslaughter in the first degree, attempted murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was not deprived of a fair trial when, follow-

ing a mistrial, the trial court repeated its *Sandoval* ruling for his new attorney in the defendant's absence. The defense counsel expressly waived his client's presence at the colloquy and participated in the colloquy in the absence of the defendant without objection. Moreover, neither the defendant nor defense counsel raised an objection or moved to reopen the hearing at any point subsequent thereto *(see, People v Peterson,* 151 AD2d 512; *People v Stoute,* 140 AD2d 728). In any event, the defendant was not prejudiced by his absence from the colloquy, since he was present for the original hearing and the colloquy was merely a reiteration of a prior ruling. Moreover, the court and the prosecutor correctly summarized the prior *Sandoval* ruling *(see, People v Lee,* 168 AD2d 267; *People v Peterson, supra,* at 513; *People v Stoute, supra,* at 728).

Nor was the defendant deprived of a fair trial when the trial court restricted his testimony regarding his state of mind. The defendant's failure to specify to the trial court the basis for the offer of this testimony renders his argument unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641; *People v Udzinski,* 146 AD2d 245; *People v Mercado,* 135 AD2d 661). In any event, the defendant and his brother were permitted to testify extensively as to the victim's prior acts of violence and the proffered testimony would have been cumulative on the issue of the defendant's state of mind at the time of the shooting.

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Eiber, O'Brien and Ritter, JJ., concur.