(November 10, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD BRELAND, Appellant.—Judgment, Supreme Court,

New York County (Nicholas Figueroa, J.), rendered April 3, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from four and one-half to nine years, unanimously reversed, on the law and facts, and the matter is remanded for a new trial.

On August 10, 1990, defendant was indicted for one count of criminal sale of a controlled substance in the third degree, which charge stemmed from a July 25, 1990 purchase of three vials of crack by an undercover officer. At a hearing pursuant to *People v Sandoval* (34 NY2d 371), held on March 6, 1991, the trial court responded to defense counsel's objection to proceeding in defendant's absence by stating that it was "not really interested in the niceties of having the defendant present for a hearing". This was error.

As the Court of Appeals recently reiterated in *People v Dokes* (79 NY2d 656, 662), the *Sandoval* hearing is a material stage of the trial, for which defendant's presence is required, "except in circumstances where the nature of the defendant's criminal history and the issues to be resolved * * * render the defendant's presence superfluous". Such a conclusion may not be reached on the record before us, which does not support the prosecution's contention that an unrecorded *Sandoval* hearing, at which defendant was present, was conducted prior to the recorded proceeding. Indeed, in the transcript the trial court prefaced the recorded discussion on this issue by stating, "In the absence of the defendant I would like to take up the matter of *Sandoval* now".

Although the court alluded to a prior discussion with defendant, which elicited his version of the events in contemplation of a *Sandoval* ruling, there is no indication that defendant's prior convictions were enumerated and assessed, or that any form of "meaningful participation by the defendant during the determination of the merits of a *Sandoval* motion" occurred *(People v Dokes, supra,* at 661). Without this, defendant's due process right to be personally present at all material stages of the trial was violated *(People v Rose,* 175 AD2d 32, *affd* 80 NY2d 802; *People v Scott,* 163 AD2d 341; CPL 260.20).

We have examined defendant's remaining arguments on appeal, and find them to be without merit. Concur—Murphy, P. J., Ellerin, Wallach, Ross and Kassal, JJ.