■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN DIAZ, Appellant. [658 NYS2d 945] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered January 25, 1995, convicting him of robbery in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant was returning to his home in Queens after working the late-night shift at a Manhattan restaurant when he was confronted by four men who pushed him into the doorway of a delicatessen and stole his watch, a paycheck, some identification, and thirteen dollars in cash. Fortuitously, two police officers arrived on the scene and within a few minutes they arrested the defendant and his three accomplices based on their identification by the victim. The defendant was subsequently tried and convicted of robbery in the second degree and criminal possession of stolen property in the fifth degree.

The defendant's sole contention on appeal is that certain comments made during the prosecutor's summation constitute reversible error. We disagree. Although the prosecutor's comments were improper, the trial court's immediate curative instructions were sufficient to dispel whatever prejudicial effect those comments may have had on the jury (*see, People v Galloway,* 54 NY2d 396; *People v Melendez,* 158 AD2d 720; *People v Jalah,* 107 AD2d 762). Moreover, in light of the overwhelming evidence of the defendant's guilt, there is no significant probability that the defendant would have been acquitted if the remarks had not been made. Therefore, the error in the prosecution's summation was harmless (*see, People v Crimmins,* 36 NY2d 230, 242; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.