■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH R. WUERFEL, Appellant. [691 NYS2d 533] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered November 18, 1996, convicting him of operating a motor vehicle while under the influence of alcohol as a felony (two counts), leaving the scene of an incident without reporting under Vehicle and Traffic Law § 600 (1) (two counts), and leaving the scene of an incident without reporting under Vehicle and Traffic Law § 600 (2), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the trial court improperly proceeded with a *Sandoval* hearing in his absence when he was late in arriving at court is without merit. A criminal defendant's constitutional and statutory right to be present during all material portions of the trial of the indictment (*see,* CPL 260.20) may be waived, either expressly or impliedly, provided that the waiver was knowing, voluntary, and intelligent (*see, People v Parker,* 57 NY2d 136, 140). In this case, defense counsel expressly waived the defendant's presence for purposes of the *Sandoval* hearing, and participated in the hearing in the absence of the defendant without objection. Moreover, neither the defendant nor his attorney raised an objection or moved to reopen the hearing at any subsequent point in time (*see, People v Foust,* 180 AD2d 814; *People v Peterson,* 151 AD2d 512).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.