■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMIR BORZOUYE, Appellant. [697 NYS2d 630] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered February 6, 1998, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his right to be present at off-the-record sidebar discussions conducted during the course of the trial. A defendant must provide an adequate record for determining whether he or she was wrongfully excluded from a material stage of the trial (*see, People v Maher,* 89 NY2d 318; *see also, People v Kinchen,* 60 NY2d 772, 773). Here, since the record fails to disclose whether or not the defendant was present during the subject sidebar conferences, meaningful appellate review of this issue is precluded (*see, People v Rodriguez,* 251 AD2d 603; *People v Vanegas,* 237 AD2d 469; *People v McCargo,* 219 AD2d 683). In any event, the defendant was not entitled to be present at any of the subject sidebar conferences. None of the conferences implicated his peculiar factual knowledge or presented the potential for his meaningful participation (*see, People v Rodriguez,* 85 NY2d 586; *People v Williams,* 85 NY2d 945; *People v Velasco,* 77 NY2d 469, 472).

The defendant's contention that he was denied the effective assistance of counsel is without merit (*see, People v Benevento,* 91 NY2d 708; *People v Flores,* 84 NY2d 184; *People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *People v Wicker,* 229 AD2d 602; *People v Sullivan,* 153 AD2d 223).

The defendant's remaining contentions are without merit. Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.