THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE ROLLE, Appellant. [771 NYS2d 704]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered March 29, 1999, convicting him of robbery in the first degree (five counts), attempted robbery in the first degree, rape in the first degree, attempted rape in the first degree (two counts), kidnapping in the second degree, sexual abuse in the first degree (three counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Finnegan, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

A criminal defendant has a constitutional and statutory right to be present at all material stages of trial, including a suppression hearing (*see* CPL 260.20; *People v Antommarchi,* 80 NY2d 247, 250 [1992]; *People v Dokes,* 79 NY2d 656, 659 [1992]; *People v Logan,* 271 AD2d 549 [2000]). On April 17, 1997, the defendant expressly waived his presence at the April 3, 1997, suppression hearing. We find that waiver to have been knowing, voluntary, and intelligent (*see People v Parker,* 57 NY2d 136, 139-140 [1982]; *People v Wuerfel,* 261 AD2d 561 [1999]; *People v Underwood,* 201 AD2d 597 [1994]). The defendant's presence was not required at the April 8, 1997, and April 14, 1997, hearings, which related solely to issues regarding the codefendant (*see People v Jackson,* 219 AD2d 675 [1995]).

The defendant's contention that he was denied the right to have a voice in selecting the jury (*see People v Buford,* 69 NY2d 290, 297-298 [1987]) because he was not present when the attorneys argued the grounds for their for-cause and peremptory challenges is without merit. The voir dire was performed in open court and the challenges were made in open court, in the presence of the defendant and his attorney. Additionally, the defendant had the opportunity to consult with his attorney before the challenges were made (*see People v Velasco,* 77 NY2d 469, 473 [1991]; *People v Firrira,* 258 AD2d 666 [1999]).

The defendant's presence was not required at side-bar conferences which involved only questions of law or procedure (*see People v Velasco, supra* at 472; *People v Rodriguez,* 76 NY2d 918 [1990]). The record does not indicate whether the defendant was improperly excluded from an off-the-record sidebar conference with a prospective juror who expressed an inability to be impartial because of her prior experience as a juror. Nevertheless, the error, if any, would not warrant reversal because the defendant would not have been able to make any contribution to the conference (*see People v Maher,* 89 NY2d 318, 325 [1996]; *People v Persad,* 306 AD2d 359 [2003], *lv denied* 100 NY2d 623 [2003]). The defendant did not have the right to be present during the informal questioning of a prospective juror that related only to the prospective juror's disqualification because of work commitments (*see People v Sloan,* 79 NY2d 386, 390 [1992]; *People v Velasco, supra* at 472-473).

The factual record is insufficient to permit appellate review of whether the defendant's presence was required at the off-the-record sidebar conferences which occurred while certain of the People's exhibits were being shown to the jury and during the direct examination of one of the prosecution's witnesses (*see People v Neal,* 205 AD2d 711, 712 [1994]).

Contrary to the defendant's contention, he was not denied the effective assistance of counsel, as the record demonstrates that he received meaningful representation (*see People v Baldi*, 54 NY2d 137 [1981]).

The hearing court properly declined to suppress the lineup identification evidence. The People satisfied their burden of proving that the lineup procedures were not unduly suggestive, and the defendant failed to demonstrate that the lineup procedures were unduly suggestive (*see People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]).

The trial court properly denied the defendant's for-cause challenges to two prospective jurors. The prospective juror who asked about the definitions of reasonable doubt and rape did not indicate a state of mind that would preclude him from rendering an impartial verdict (*see* CPL 270.20 [1] [b]; *People v Arnold*, 96 NY2d 358, 362 [2001]). The prospective juror who initially expressed a bias toward police officers ultimately gave an unequivocal response that he could be fair and impartial (*see People v Chambers*, 97 NY2d 417, 419 [2002]).

The trial court providently exercised its discretion in denying the defendant's request for additional peremptory challenges (*see* CPL 270.25 [2]; *People v Patterson*, 266 AD2d 567 [1999]; *People v Rivera*, 137 AD2d 634, 635 [1988]). Moreover, the record does not indicate that the time limits set by the trial court for each attorney's examination of the prospective jurors deprived the defense counsel of a fair opportunity to question the prospective jurors about relevant or material matters (*see People v Wheeler*, 268 AD2d 448, 449 [2000]; *People v Davis*, 166 AD2d 453 [1990]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that there was legally sufficient evidence to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The trial court properly curtailed the defense counsel's cross-examination of the prosecution witness (*see People v Magrigor*, 281 AD2d 561 [2001]; *People v Perez*, 255 AD2d 403 [1998]; *People v Pereda*, 200 AD2d 774 [1994]). Moreover, the photograph of the defendant's girlfriend was properly admitted into evidence to corroborate evidence offered by the People, and was not admitted solely to arouse the emotions of the jury and to prejudice the defendant (*see People v Mackson*, 220 AD2d 458 [1995]; *People v Smaldone*, 213 AD2d 685, 686 [1995]). Prudenti, P.J., Altman, Luciano and Adams, JJ., concur.