■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO MUNQUIA, Appellant. [806 NYS2d 595]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered May 29, 2003, convicting him of assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant correctly contends that the prosecutor improperly impeached a defense witness about a recent arrest. "Although a witness may be impeached upon cross-examination about certain convictions or specific criminal acts bearing on credibility . . . the fact of an arrest . . . is 'not a permitted area for impeachment' " (*People v Miller,* 91 NY2d 372, 380 [1998], quoting *People v Rodriguez,* 38 NY2d 95 [1975]; *see People v Cook,* 37 NY2d 591 [1975]; *cf. People v Daniels,* 225 AD2d 632 [1996]).

However, this error was harmless. Given the overwhelming evidence of the defendant's guilt, there was no significant probability that he would have been acquitted but for the prosecutor's impeachment of the witness, who was not an eyewitness to the assault (*see People v Miller, supra* at 381; *People v Crim-*

*mins,* 36 NY2d 230, 242 [1975]). The prosecutor's improper reference to the witness's arrest during his summation was also harmless error (*see People v Diaz,* 239 AD2d 518 [1997]).

The defendant's remaining contention is unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to review it as a matter of discretion in the exercise of our interest of justice jurisdiction. Adams, J.P., Crane, S. Miller and Mastro, JJ., concur.