THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. HAMMOND, Appellant. [827 NYS2d 298]—

Spain, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 6, 2004, upon a verdict convicting defendant of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.

While driving through the City of Troy, Rensselaer County on

the early morning of April 8, 2003, defendant was stopped by a police officer who noticed that defendant's vehicle had a cracked windshield and was moving slowly. Defendant failed two out of three field sobriety tests and refused a chemical test. Defendant was arrested and thereafter indicted for driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree. The People attached a declaration of readiness for trial to the indictment on October 31, 2003 and announced readiness in court the same day. The People handed up a second notice of readiness at defendant's arraignment on November 18, 2003. After County Court denied defendant's motion to dismiss the charges pursuant to CPL 30.30, a jury convicted him as charged and he was thereafter sentenced to concurrent terms of 1⅓ to 4 years in prison, court costs of $210 and a $500 fine. On defendant's appeal, we affirm.

County Court properly denied defendant's motion to dismiss the indictment on CPL 30.30 grounds. By statute, the People had six months—here until October 8, 2003—to declare readiness for trial (*see* CPL 30.30 [1] [a]), plus any periods of time for which the People can prove an exception exists (*see People v Carter*, 91 NY2d 795, 798 [1998]; *People v Berkowitz*, 50 NY2d 333, 349 [1980]). As defendant concedes, one such exception is when a defendant, through counsel, has waived his or her statutory rights for a period of time (*see People v Jenkins*, 302 AD2d 978, 978 [2003], *lv denied* 100 NY2d 562 [2003]; *People v Trepasso*, 197 AD2d 891, 891 [1993], *lv denied* 82 NY2d 854 [1993]; *see also People v Parker*, 290 AD2d 650, 651-652 [2002], *lv denied* 97 NY2d 759 [2002], 98 NY2d 679 [2002]). Here, defendant expressly waived his CPL 30.30 rights, in writing by letter from the Office of the Public Defender dated September 9, 2003, "until further *written* notice from this office" (emphasis added). By letter dated October 16, 2003, defendant revoked that waiver. Thus, the 37 days between September 9, 2003 and October 16, 2003 are not chargeable to the People. Defendant's argument that he revoked his waiver at an earlier juncture by virtue of rejecting a plea offer is unavailing, given the unequivocal language in the waiver requiring revocation in writing (*see People v Jenkins, supra*).

After excluding the 37 days, the People had until November 15, 2003 to declare their readiness. Because we find that the People effectively declared readiness by attaching a statement of readiness to the indictment on October 31, 2003, when ample time still existed to arraign defendant during the statutory period, the People did not run afoul of their CPL 30.30 obligations (*see People v Carter, supra* at 798; *People v Goss*, 87 NY2d 792, 797 [1996]).

Next, defendant contends that County Court erred in failing to conduct a foundational inquiry into the admissibility of the horizontal gaze nystagmus (hereinafter HGN) field sobriety test administered by the arresting officer. Such tests have been found to be accepted within the scientific community as a reliable indicator of intoxication and, thus, a court may take judicial notice of the HGN test's acceptability and then conduct "only a foundational inquiry into whether the accepted techniques were actually employed in this case and the tester's qualifications" (*People v Gallup*, 302 AD2d 681, 684 [2003], *lv denied* 100 NY2d 594 [2003]; *see People v Grune*, 12 AD3d 944, 945 [2004], *lv denied* 4 NY3d 831 [2005]). Here, the People laid a proper foundation; the officer who conducted the HGN test testified regarding his qualifications to administer the test and the techniques he employed (*see People v Gallup, supra*).

Further, by specifically objecting to the People's request to instruct the jury on the lesser included offense of driving while ability impaired, defendant waived his present argument that County Court erred in refusing to so charge (*see People v Williams*, 178 AD2d 163, 164 [1991], *lv denied* 79 NY2d 924 [1992]; *People v Campbell*, 166 AD2d 183, 183 [1990], *lv denied* 77 NY2d 837 [1991]). Finally, given defendant's considerable criminal history, including two prior driving while intoxicated felonies, we are unpersuaded that the sentence imposed was harsh and excessive and we find no extraordinary circumstances to warrant a sentence reduction in the interest of justice (*see People v Beyer*, 21 AD3d 592, 595 [2005], *lv denied* 6 NY3d 752 [2005]; *People v Redeye*, 8 AD3d 829, 829 [2004]).

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.