■ The People of the State of New York, Respondent, v Rita L. Warner, Appellant. [846 NYS2d 705]—

Rose, J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered September 25, 2006, upon a verdict convicting defendant of the crime of driving while intoxicated.

After a jury trial, defendant was convicted of one count of driving while intoxicated. The arresting police officer testified that he had stopped her vehicle after observing it traveling on State Route 12 with a loud muffler and repeatedly crossing over the highway's lane markings. He related that, during questioning at the scene, she smelled of alcohol, she was belligerent and argumentative, she admitted having consumed four alcoholic beverages and she failed a horizontal gaze nystagmus (hereinafter HGN) test. On her appeal, defendant argues that her conviction was against the weight of the evidence because there are significant conflicts between her testimony and that of the arresting officer. She also contends that the arresting officer's testimony as to the HGN test should have been accorded little weight because no evidence was presented as to his experience in administering it. However, the People laid a proper foundation through the evidence of the officer's qualifications to administer the HGN test (*see People v Hammond*, 35 AD3d 905, 907 [2006], *lv denied* 8 NY3d 946 [2007]), and defendant chose not to inquire on cross-examination as to the extent of his experience. Giving due deference to the jury's opportunity to observe witness demeanor and make credibility determinations as to conflicting testimony, we are satisfied that defendant's conviction is not against the weight of the evidence (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Neil*, 30 AD3d 901, 901-902 [2006], *lv denied* 7 NY3d 869 [2006]).

Defendant also argues that the prosecutor made certain remarks during summation that denied her a fair trial, including that the arresting officer had no financial motive for arresting her and her behavior was that of "an angry drunk." This issue of the propriety of the prosecutor's comments is unpreserved due to defendant's failure to timely object (*see People v Valderama*, 25 AD3d 819, 821 [2006], *lv denied* 6 NY3d 854 [2006]). In any event, the prosecutor's statements amounted to fair comment given defendant's specific challenges to both the credibility of the arresting officer and his description of her behavior (*see e.g. People v Beyer*, 21 AD3d 592, 595 [2005], *lv denied* 6 NY3d 752 [2005]).

Finally, defendant's contention that the People failed to establish that State Route 12 was a public highway is without merit, and the challenge to venue is unpreserved.

Cardona, P.J., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Chenango County for further proceedings pursuant to CPL 460.50 (5).