■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELROY RICKETTS, Appellant. [849 NYS2d 443]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered December 9, 2004, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A criminal defendant has a constitutional and statutory right to be present at all material stages of the trial (*see People v Rolle*, 4 AD3d 542 [2004]). A defendant, however, must provide an adequate record for determining whether he or she was wrongfully excluded from a material stage of the trial (*see People v Borzouye*, 265 AD2d 419 [1999]; *People v Rodriguez*, 251 AD2d 603 [1998]). Here, as the record fails to disclose when and for what duration, if at all, the defendant was asleep during the jury selection process, meaningful appellate review of this issue is precluded (*see People v Borzouye*, 265 AD2d 419 [1999]; *People v Rodriguez*, 251 AD2d 603 [1998]; *People v Vanegas*, 237 AD2d 469, 470 [1997]).

The defendant's contention alleging ineffective assistance of counsel is without merit (*see People v Familia*, 37 AD3d 848 [2007]; *People v Nakovics*, 144 AD2d 704 [1988]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Spolzino, Carni and McCarthy, JJ., concur.