■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED TETRAULT, Appellant. [861 NYS2d 408]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered March 8, 2007, convicting him of driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree, and failing to stay in a designated lane, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court did not err in admitting the horizontal

gaze nystagmus (hereinafter HGN) field sobriety test administered by the arresting officer without conducting a *Frye* hearing (*see Frye v United States*, 293 F 1013 [1923]). "Such tests have been found to be accepted within the scientific community as a reliable indicator of intoxication and, thus, a court may take judicial notice of the HGN test's acceptability" (*People v Hammond*, 35 AD3d 905, 907 [2006]; *see People v Warner*, 45 AD3d 1182 [2007]; *People v Grune*, 12 AD3d 944, 945 [2004]; *People v Prue*, 8 AD3d 894, 897 [2004]; *People v Gallup*, 302 AD2d 681, 684 [2003]). Additionally, the People laid a proper foundation establishing that the "accepted techniques were actually employed in this case and the tester's qualifications" by the testimony of the officer who performed the HGN test, which demonstrated his qualifications to administer the test (*see People v Warner*, 45 AD3d 1182 [2007]; *People v Hammond,* 35 AD3d at 907).

Contrary to the defendant's contention, the Supreme Court properly declined to suppress the evidence of his refusal to submit to a blood test, since there was ample evidence before the court to support the conclusion that the defendant was given clear and unequivocal warnings of the effect of his refusal to submit to the blood test, and that he persisted in his refusal to take it (*see* Vehicle and Traffic Law § 1194 [2] [b], [f]; *People v Cragg*, 71 NY2d 926 [1988]; *People v Rodriguez*, 1 AD3d 386, 387 [2003]).

The defendant's argument that the prosecutor improperly impeached his witness during cross-examination regarding a prior arrest is unpreserved for appellate review, as he failed to object during the cross-examination (*see* CPL 470.05 [2]; *People v Solomon*, 16 AD3d 701, 702 [2005]). In any event, the evidence of the defendant's guilt, without reference to the alleged error, was overwhelming, and there is no significant probability that the alleged error might have contributed to the defendant's conviction. Thus, any error was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Munquia*, 23 AD3d 583 [2005]). The prosecutor's reference to the witness's arrest during her summation was also harmless error (*see People v Munquia*, 23 AD3d 583 [2005]).

Contrary to the defendant's contention, defense counsel's failure to object to the prosecutor's remarks during summation and during cross-examination of the defendant's witness did not constitute ineffective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Robbins*, 48 AD3d 711 [2008]).

The defendant contends that he was denied his right to be

present at an off-the-record sidebar discussion conducted after a pre-trial hearing. A defendant must provide an adequate record for determining whether he was wrongly excluded from a material stage of the trial (*see People v Ricketts*, 47 AD3d 954 [2008]; *People v Borzouye*, 265 AD2d 419 [1999]). Here, since the record fails to disclose whether or not the defendant was present during the subject sidebar conference and whether the discussion concerned a material stage of the trial, meaningful appellate review of this issue is precluded (*see People v Ricketts*, 47 AD3d 954 [2008]; *People v Rolle*, 4 AD3d 542 [2004]).

The defendant's remaining contentions are without merit. Skelos, J.P., Miller, Carni and Chambers, JJ., concur.