■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERTON BRYAN, Appellant. [866 NYS2d 732]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered November 2, 2006, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecutor improperly cross-examined a defense witness about his failure to come forward with exculpatory information at an earlier date is without merit. The prosecutor laid the proper foundation pursuant to *People v Dawson* (50 NY2d 311 [1980]) before questioning that witness.

The defendant's claim regarding the prosecutor's failure to lay a proper foundation before cross-examining another defense witness concerning her failure to come forward with exculpatory information is not preserved for appellate review. After the prosecutor questioned the witness, the court delivered a curative instruction (*see People v Ross,* 262 AD2d 429 [1999]), the sufficiency of which the defendant did not challenge. In any event, the evidence of the defendant's guilt was overwhelming, and there is no significant probability that the verdict would have been different absent the asserted error (*see People v Crimmins,* 36 NY2d 230, 242 [1975]). The prosecutor's improper impeachment of this witness based on prior arrests was also harmless error (*see People v Miller,* 91 NY2d 372 [1998]; *People v Munquia,* 23 AD3d 583 [2005]).

The defendant's contentions regarding the prosecutor's summation, to the extent the prosecutor allegedly shifted the burden of proof and gave his personal opinion as to the credibility of defense witnesses, are unpreserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction. The defense attorney either failed to object or raised only general objections to the contested remarks (*see* CPL 470.05 [2]; *People v Dick,* 48 AD3d 697 [2008]; *People v Rivera,* 19 AD3d 620 [2005]). With regard to the defendant's remaining challenge to the prosecutor's summation comments, which is preserved for appellate review, any error was harmless (*see People v Crimmins,* 36 NY2d 230 [1975]).

The defendant further argues that the trial court erred in failing to instruct the jury on the defense of temporary innocent possession. However, there was no reasonable view of the evidence upon which the jury could have found that the defendant's possession of cocaine was innocent (*see People v Banks,* 76 NY2d 799 [1990]; *People v Hawkins,* 258 AD2d 472 [1999]; *People v Wilson,* 228 AD2d 708 [1996]).

We reject the defendant's contention that the trial court's *Allen* charge (*see Allen v United States,* 164 US 492 [1896]) was coercive and unbalanced. A review of the charge as a whole reveals that it was essentially neutral, directed at the jurors in general, and did not coerce them to reach a verdict or achieve a particular result (*see People v Ramirez,* 223 AD2d 656 [1996]). The court also provided a meaningful response to a note from the jury (*see* CPL 310.30; *People v Malloy,* 55 NY2d 296 [1982], *cert denied* 459 US 847 [1982]).

The defendant's contention, in point two of his brief, concerning his request for an expanded charge on voluntary and knowing possession is without merit, and the defendant's remaining contentions are unpreserved for appellate review. Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.