# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**253**

**KA 11-01852**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DOUGLAS L. JULIUS, DEFENDANT-APPELLANT.

---

KATHLEEN P. REARDON, ROCHESTER, FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered June 30, 2011. The judgment convicted defendant, upon a nonjury verdict, of driving while intoxicated, a class D felony.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of felony driving while intoxicated ([DWI] Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]). Contrary to defendant's contention, the evidence is legally sufficient to establish that he operated a motor vehicle in an intoxicated condition (*see People v Rawleigh*, 89 AD3d 1483, 1483; *see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to defendant's further contention, County Court did not err in permitting the arresting officer to testify regarding a horizontal gaze nystagmus field sobriety test (HGN test) without conducting a *Frye* hearing (*see People v Tetrault*, 53 AD3d 558, 558-559, *lv denied* 11 NY3d 835; *People v Hammond*, 35 AD3d 905, 907, *lv denied* 8 NY3d 946; *People v Grune*, 12 AD3d 944, 945, *lv denied* 4 NY3d 831). As the Second and Third Departments have stated, and we agree, " '[HGN] tests have been found to be accepted within the scientific community as a reliable indicator of intoxication and, thus, a court may take judicial notice of the HGN test's acceptability' " (*Tetrault*, 53 AD3d at 559, quoting *Hammond*, 35 AD3d at 907). "Here, the People laid a proper foundation; the officer who conducted the HGN test testified regarding his qualifications to administer the test and the

techniques he employed" (*Hammond*, 35 AD3d at 907; *see Tetrault*, 53 AD3d at 559).

Contrary to defendant's additional contention, the sentence is not unduly harsh or severe. Finally, we note that defendant has not taken an appeal from the judgment revoking the sentence of probation imposed in connection with a prior DWI conviction and imposing a sentence of incarceration, and thus his challenge to the severity of the sentence imposed upon the revocation of probation is not properly before us (*see* CPL 460.10; *see generally People v Kuras*, 49 AD3d 1196, 1197, *lv denied* 10 NY3d 866).

Entered: March 23, 2012                                          Frances E. Cafarell
                                                                 Clerk of the Court