■ In the Matter of LENIN FERMIN-PEREA, Petitioner, v DAVID J. SWARTS, New York State Commissioner of Motor Vehicles, et al., Respondents. [943 NYS2d 96]—

Determination of respondent Department of Motor Vehicles Appeals Board, dated November 30, 2010, affirming a determination of the Department of Motor Vehicles, which, after a hearing, revoked petitioner's driver's license for refusal to submit to a chemical test, annulled, without costs, and the petition in this proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Geoffrey D. Wright, J.], entered on or about May 19, 2011), granted.

In reviewing respondent's determination, made after a hearing, our review is "limited to whether [respondent's] determination is supported by substantial evidence upon the entire record" (*Matter of Purdy v Kreisberg*, 47 NY2d 354, 358 [1979]). Moreover, we may not substitute our own judgment of the evidence for that of respondent's, "but should review the whole record to determine whether there exists a rational basis to support the findings upon which the agency's determination is predicated" (*id.*).

Here, petitioner's refusal to submit to a chemical test could only result in revocation of his driver's license if a chemical test was authorized by law in the first instance. To the extent relevant here, the Vehicle and Traffic Law authorizes a chemical test when reasonable grounds exist to believe that a person was operating a motor vehicle under the influence of alcohol or drugs, meaning while impaired or intoxicated (Vehicle and Traffic Law §§ 1192, 1194 [2] [a] [1]). The statute further states that reasonable grounds "shall be determined by viewing the totality of circumstances surrounding the incident which, when taken together, indicate that the operator was driving in violation of [Vehicle and Traffic Law § 1192 and § 1192-a]" (Vehicle and Traffic Law § 1194 [2] [a] [3]).

The arresting officer's refusal report, admitted in evidence at the hearing, indicates that upon stopping petitioner because he was speeding, following too closely, and changing lanes without signaling, the officer observed that petitioner was unsteady on his feet, had bloodshot eyes, slurred speech and "a strong odor of alcoholic beverage on [his] breath." However, the field sobriety test, administered approximately 25 minutes later, a video of which was admitted in evidence at the hearing, establishes that petitioner was not impaired or intoxicated. Specifically, the video demonstrates that over the course of four minutes, petitioner was subjected to standardized field sobriety testing and at all times clearly communicated with the arresting

officer, never slurred his speech, never demonstrated an inability to comprehend what he was being asked, and followed all of the officer's commands. Petitioner successfully completed the three tests he was asked to perform; thus never exhibiting any signs of impairment or intoxication.

Certainly, the contents of the arresting officer's refusal report, standing alone, establish reasonable grounds for the arrest under the Vehicle and Traffic Law (*Matter of Nolan v Adduci*, 166 AD2d 277, 278 [1990] [police officer's testimony that operator of motor vehicle was exceeding the speed limit, driving erratically, and his breath smelled of alcohol constituted reasonable grounds to arrest him for driving under the influence of alcohol], *appeal dismissed* 77 NY2d 988 [1991]). However, where, as here, a field sobriety test conducted less than 30 minutes after the officer's initial observations convincingly establishes that petitioner was not impaired or intoxicated, respondent's determination that there existed reasonable grounds to believe that petitioner was intoxicated has no rational basis and is not inferable from the record (*Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 400 [1984] ["If the agency's determination is not supported by substantial evidence or it constitutes a clearly erroneous interpretation of the law or the facts, it will be annulled"]). A field sobriety test is "accepted within the scientific community as a reliable indicator of intoxication" (*People v Hammond*, 35 AD3d 905, 907 [2006], *lv denied* 8 NY3d 946 [2007]). Here, the field sobriety test, conducted shortly after petitioner was operating his motor vehicle, which failed to establish that petitioner was intoxicated or otherwise impaired, leads us to conclude that respondent's determination is not supported by substantial evidence.

The dissent ignores the threshold issue here, namely, that refusal to submit to a chemical test only results in revocation of an operator's driver's license if there are reasonable grounds to believe that the operator was driving while under the influence of drugs or alcohol and more specifically, insofar as relevant here, while *intoxicated or impaired*. Here, while the officer's initial observations are indeed indicative of intoxication or at the very least, impairment, the results of the field sobriety test administered thereafter—a more objective measure of intoxication—necessarily precludes any conclusion that petitioner was operating his vehicle while intoxicated or impaired. Any conclusion to the contrary simply disregards the applicable burden which, as the dissent points out, requires less than a preponderance of the evidence, demanding only that "a given inference is

reasonable and plausible" (*Matter of Miller v DeBuono*, 90 NY2d 783, 793 [1997] [internal quotation marks omitted]). Even under this diminished standard of proof, it is simply unreasonable and uninferable that petitioner was intoxicated or impaired while operating his motor vehicle and yet, 25 minutes later he successfully and without any difficulty passed a field sobriety test. *Matter of Whelan v Adduci* (133 AD2d 273 [1987], *lv denied* 70 NY2d 616 [1988]) is inapposite. *Matter of Whelan* simply stands for the proposition that a police officer's observation of bloodshot eyes and alcohol on an operator's breath constitute *reasonable grounds to believe that the operator is intoxicated or impaired* (*id.* at 273); a proposition with which we agree and is aptly supported by the case law (*see Matter of Nolan,* 166 AD2d at 278). However, as is the case here, the court in *Matter of Whelan* was never confronted with evidence that shortly after the officer's observations of intoxication or impairment, the operator successfully completed a field sobriety test. Such evidence warrants a finding in favor of petitioner.

We have considered respondent's remaining contentions and find them unavailing. Concur—Friedman, J.P., Renwick and Román, JJ.

Sweeny and DeGrasse, JJ., dissent in a memorandum by DeGrasse, J., as follows: In my view, respondents' determination was supported by substantial evidence and I respectfully dissent. The instant determination was made after a chemical test refusal hearing that was held pursuant to Vehicle and Traffic Law § 1194 (2) (c). The issue before us is whether substantial evidence supported the administrative law judge's (ALJ's) determination that the police officer who arrested petitioner had reasonable grounds to believe that he was driving while intoxicated. The majority finds substantial evidence to be lacking on the basis of a video depicting petitioner's performance on three coordination tests that were administered at a precinct 25 minutes after his arrest. The real question, however, is whether reasonable cause existed when petitioner was stopped by the police officer, not 25 minutes later. For reasons that follow, I disagree with the majority's apparent conclusion that the video is dispositive under a substantial evidence analysis.

An administrative determination "is regarded as being supported by substantial evidence when the proof is so substantial that from it an inference of the existence of the fact found may be drawn reasonably" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 179-180 [1978] [internal quotation marks and citations omitted]). The standard "is less than a preponderance of the evidence" and demands only that "a given

inference is reasonable and plausible, not necessarily the most probable" (*Matter of Miller v DeBuono*, 90 NY2d 783, 793 [1997] [internal quotation marks omitted]). Measured against this standard, the evidence before the ALJ was sufficient to support respondent's determination.

The ALJ credited the police officer's report in which it was stated that petitioner was speeding, followed other vehicles too closely and changed lanes without signaling several times. The report also noted and the ALJ found that petitioner "displayed strong smell of alcohol on breath, bloodshot/watery eyes, slurred speech, swaying and unsteady gait." Although the video showed that petitioner was steady on his feet and did not slur his speech when he took the coordination tests, it did not refute the evidence of petitioner's erratic driving, the smell of alcohol on his breath and his bloodshot and watery eyes. Under a substantial evidence analysis, these factors alone can suffice as reasonable grounds to believe that a motorist was driving while intoxicated (*see e.g. Matter of Whelan v Adduci*, 133 AD2d 273 [1987], *lv denied* 70 NY2d 616 [1988]; *cf. People v Donaldson*, 36 AD2d 37 [1971]). I would therefore confirm respondents' determination.