The People of the State of New York, Respondent, 
against
Juan Ariza, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Rita M. Mella, J.), rendered April 19, 2012, after a nonjury trial, convicting him of driving while ability impaired, and imposing sentence.




Per Curiam.
Judgment of conviction (Rita M. Mella, J.), rendered April 19, 2012, is affirmed.
The verdict convicting defendant of driving while ability impaired (see Vehicle and Traffic Law § 1192[1]) was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations, including its assessment of police testimony about defendant's condition upon his arrest (see People v Reyes, 136 AD3d 443 [2016]).
Contrary to defendant's further contention, the court did not err in permitting the arresting officer to testify regarding a horizontal gaze nystagmus field sobriety test (HGN test) administered to defendant without first conducting a Frye hearing. "'[HGN] tests have been found to be accepted within the scientific community as a reliable indicator of intoxication and, thus, a court may take judicial notice of the HGN test's acceptability'" (People v Julius, 93 AD3d 1296, 1297 [2012], lv denied 19 NY3d 963 [2012]; see People v Tetrault, 53 AD3d 558, 558—559 [2008], lv denied 11 NY3d 835 [2008]; People v Hammond, 35 AD3d 905, 907 [2006], lv denied 8 NY3d 946 [2007]; People v Grune, 12 AD3d 944, 945 [2004], lv denied 4 NY3d 831 [2005]). Additionally, the People laid a proper foundation establishing the officer's qualifications to administer the test and the techniques employed (see People v Julius, 93 AD3d at 1297). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: March 26, 2018