Matter of Ortiz v New York State Dept. of Motor Vehs. (2024 NY Slip Op 00051)

Matter of Ortiz v New York State Dept. of Motor Vehs.

2024 NY Slip Op 00051

Decided on January 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, Michael, JJ. 

Index No. 814921/22E Appeal No. 1369 Case No. 2023-03787 

[*1]In the Matter of Edwin Ortiz, Jr., Petitioner,
v
The New York State Department of Motor Vehicles et al., Respondents.

Barket Epstein Kearon Aldea & LoTurco, LLP, Garden City (Danielle Muscatello of counsel), for petitioner.
Letitia James, Attorney General, New York (Anagha Sundararajan of counsel), for respondents.

Determination of respondent Department of Motor Vehicles (DMV), dated August 30, 2022, which affirmed an Administrative Law Judge's (ALJ) determination revoking petitioner's driver's license under Vehicle and Traffic Law § 1194 based on a finding that petitioner refused to submit to a chemical test to determine his blood alcohol concentration, unanimously confirmed, the petition denied, the preliminary injunction granted under CPLR 7805 to stay revocation of petitioner's drivers license pending the resolution of his article 78 petition vacated, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, Bronx County [Leticia M. Ramirez, J.], entered January 31, 2023), dismissed, without costs.
Substantial evidence supports the DMV's determination that the arresting officer had a reasonable basis for stopping petitioner and had probable cause for an arrest based on his conclusion that petitioner was driving while intoxicated (see Matter of Nolan v Adduci , 166 AD2d 277, 278 [1st Dept 1990], appeal dismissed 77 NY2d 988 [1991]). The officer testified that that he saw petitioner operating his vehicle well above the 25-mile-per-hour speed limit, traveling in the wrong direction, running a red light, and making an illegal right turn on a red light. According to the officer's testimony, petitioner admitted to consuming two beers and another drink, and there was a spilled alcoholic beverage in petitioner's vehicle. Further, the officer testified, he smelled alcohol on petitioner, who was slurring his speech and had watery, bloodshot eyes. The ALJ, who was in the best position to evaluate the parties' credibility, credited the arresting officer's testimony, and we must defer to the factfinder's assessment of the evidence and credibility of the witnesses (see Sewell v City of New York , 182 AD2d 469, 473 [1st Dept 1992], appeal denied 80 NY2d 756 [1992]).
Further, the virtual hearing was lawful and did not deprive petitioner of due process. We note that despite the DMV's assertion otherwise, the State Administrative Procedure Act (SAPA) does apply to the DMV chemical test refusal hearings (see State Administrative Procedure Act § 102[1]). Nevertheless, nothing in the State Administrative Procedure Act or any other applicable law prohibits a virtual chemical test refusal hearing where there is real-time transmission of video testimony allowing for counsel to cross-examine a witness and allowing for counsel and the court to visually assess the witness's demeanor and credibility (see State Administrative Procedure Act § 306[3]; 15 NYCRR 127.5[c], 127.9[b]; see also Matter of McBarnette v Sobol , 83 NY2d
333, 339 [1994]).
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2024