People v Ramos (2024 NY Slip Op 51720(U))

[*1]

People v Ramos (Elizabeth)

2024 NY Slip Op 51720(U)

Decided on December 19, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 19, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570117/17

The People of the State of New York, Respondent, 
against
Elizabeth Ramos, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Ann E. Scherzer, J.), rendered January 27, 2017, convicting her, after a jury trial, of driving while intoxicated, and imposing sentence.

Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered January 27, 2017, affirmed.
The verdict convicting defendant of driving while intoxicated (see Vehicle and Traffic Law § 1192[3]), was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). The evidence established beyond a reasonable doubt that defendant was the operator of the vehicle. The vehicle was standing in the middle of a single northbound travel lane at 4:00 a.m., blocking traffic; the engine was running; defendant was in the driver's seat and no one else was inside the vehicle (see People v Alamo, 34 NY2d 453, 458-459 [1974]). There is no basis to disturb the jury's credibility determinations, including its rejection of the claim that defendant's sister was the operator of the vehicle.
Defendant's claims of error in evidentiary rulings do not require reversal. The court properly permitted the People to adduce evidence of defendant's response to the officer's attempt to offer her a portable breath test (PBT). Evidence of defendant's confusion and inability to comprehend the officer's instructions about the PBT was relevant to whether her physical and mental abilities were impacted by her consumption of alcohol (see e.g., Matter of Fermin-Perea v Swarts, 95 AD3d 439, 441 [2012]; People v Wills, 224 AD3d 1329, 1332 [2024], lv denied 41 NY3d 1005 [2024]). The court's curative instruction clarified that defendant's response did not constitute a refusal to take the PBT.
The court's instructions as a whole conveyed the proper legal principles, and the court did not improvidently exercise its discretion in declining to instruct the jury pursuant to the additional or expanded charges proposed by defendant (see People v Samuels, 99 NY2d 20, 25—26 [2002]; People v Ardila, 85 NY2d 846 [1995]). Specifically, the court properly exercised its discretion in declining to expand upon the Criminal Jury Instructions (CJI) regarding defendant's refusal to take the chemical breath test. The standard instruction sufficiently instructed the jury to consider all the surrounding facts and circumstances, and the additional language proposed by defendant concerning consciousness of guilt was unnecessary (see People [*2]v Lizaldo, 124 AD3d 432, 433 [2015], lv denied 26 NY3d 931 [2015]; see generally People v Samuels, 99 NY2d at 25—26). Nor did the court abuse its discretion when it refused to expand the CJI instructions to include an instruction that the permissive inference contained in the part of the charge dealing with the refusal of a chemical breath test did not apply to the PBT. 
Likewise, the court also properly adhered to the CJI when instructing the jury that the term "operate a vehicle" includes "sitting behind the wheel of a motor vehicle for the purpose of placing the vehicle in motion ... or even if it is not moving, the engine is running" (CJI2d [NY] Vehicle and Traffic Law 1192[3]; see People v Alamo, 34 NY2d at 458-459).
In any event, any error was harmless in view of the overwhelming evidence, independent of the refusals, that defendant operated a vehicle while intoxicated by alcohol. With respect to the intoxication element, not seriously challenged on this appeal, defendant smelled of alcohol, had watery, bloodshot eyes, and admitted that she consumed alcohol (see People v Crimmins, 36 NY2d 230 [1975]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 19, 2024