**THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JON D. SCHOOLS, Appellant.**—Yesawich, Jr., J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered September 23, 1985, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol.

A guilty verdict having been rendered by the jury, the evidence, though circumstantial, must be viewed most favorably to the prosecution *(People v Lewis,* 64 NY2d 1111, 1112). Examined in that light, it appears that at approximately 11:00 P.M. on March 30, 1985, defendant met his live-in girlfriend, Terry Sprague, at a tavern located in the Village of Philmont, Columbia County. An hour later, as the two left for their home, they discussed whether defendant should ride home in Sprague's car; instead, he drove separately behind her in a pickup truck. One mile from their destination, defendant crashed into a tree alongside Carpenter Road.

Fortuitously, almost immediately, a friend of his, Frederick Schnackenberg, and another person appeared on the scene. They removed defendant from the truck and assisted Sprague in bringing him home. Following that, they towed the wrecked truck to defendant's house, where they remained for about 15 minutes. In the interim, at 12:40 A.M., the State Police received a report of an automobile accident on Carpenter Road from someone identifying himself as Joseph David. Investigation of the accident site by two State troopers led them to defendant's home, where they found the pickup truck still smoking from the accident and detected the strong odor of an alcoholic beverage in its cab.

One officer encountered Schnackenberg and his companion as they left defendant's house. The other officer, James Karic, asked Sprague about the accident. She directed Karic to defendant, who introduced himself as Joe David. He was drinking a beer, had glassy eyes and slurred speech. In Karic's opinion, defendant was intoxicated.

The rescue squad, summoned by the police to attend to defendant's injuries, then arrived; between 1:30 A.M. and 1:45 A.M., defendant was admitted to the emergency room at a nearby hospital. One hour later, Karic arrested defendant for driving while intoxicated. After *Miranda* warnings were given, Karic asked defendant to submit to a chemical test to determine the alcohol content of his blood, to which defendant responded, "No, I can't. I can't do it." Blood drawn from him at the hospital, preparatory to surgery, indicated a blood

alcohol level of .229%. The emergency room physician who treated defendant described him as being grossly intoxicated at 3:40 A.M.

Defendant's principal argument on appeal is directed at the sufficiency of the People's proof that he drove while intoxicated. The *sine qua non* for conviction is the operation of a vehicle simultaneously with intoxication *(People v Strauss,* 260 App Div 880; *see, People v Matthews,* 11 AD2d 784; *People v Hemleb,* 4 AD2d 878). That circumstance is reasonably inferable from the record. In his conversation with Karic, defendant remembered driving the vehicle shortly after midnight on March 31, 1985 "and the next thing he knew he was climbing out of the truck and the truck was up against the tree". Less than two hours after the collision, Karic had considered him to be intoxicated. Noting, too, that as they left the tavern, defendant's girlfriend suggested that he not drive home, that the vehicle smelled of alcohol after the accident and that defendant refused to take a breathalyzer test, we find that the proof justifies a finding, implicit in the jury's guilty verdict, that defendant operated the truck while he was intoxicated *(People v Saplin,* 122 AD2d 498).

Judgment affirmed. Main, Casey and Yesawich, Jr., JJ., concur.

Mahoney, P. J., and Weiss, J., dissent and vote to reverse in a memorandum by Mahoney, P. J. Mahoney, P. J., (dissenting). In our view, there is insufficient evidence to support the guilty verdict and, therefore, the judgment should be reversed.

As stated by the majority, a conviction for driving while intoxicated requires proof of intoxication simultaneous with the operation of a vehicle *(People v Saplin,* 122 AD2d 498; *People v Strauss,* 260 App Div 880, 881). Here, the People proved that defendant was intoxicated. However, the earliest point in time that the People could establish intoxication was when Trooper Karic first saw defendant at Sprague's home. From the record, it appears that this happened no earlier than 1:00 A.M. on March 31, 1985. While the People also established that defendant had been operating a motor vehicle, this operation occurred at about midnight. The People offered no proof whatsoever that defendant consumed any alcoholic beverages prior to the time he operated the motor vehicle. Testimony was adduced indicating that defendant had a glass of brandy and 2½ bottles of beer after he arrived at Sprague's house. Karic confirmed that, when he arrived at Sprague's house, defendant had a bottle of beer in his hand. Thus, in order to establish intoxication simultaneous with the operation of the

motor vehicle, the People are relying entirely on speculation and conjecture based on the fact that defendant was at a bar prior to his operation of the motor vehicle. The owner of the bar testified that she was the only person working behind the bar on the night in question and that defendant only drank two cups of coffee while at the bar. She testified that he drank no alcoholic beverages at the bar and that he was not intoxicated when he left. Also, an individual who assisted in removing defendant from his vehicle at the accident scene and bringing him to Sprague's house testified that defendant was not intoxicated at that time. In the face of the proof offered by defendant, the People's proof was not sufficient to support guilt beyond a reasonable doubt.