OPINION OF THE COURT
Memorandum.
The order of the County Court should be affirmed.
Defendant contends that the police violated Vehicle and Traffic Law § 1194 (2) by administering a breathalyzer test despite defendant’s initial refusal to submit to the test, and by informing him of certain consequences — not specifically prescribed by the statute — of such refusal. This contention is without merit. Where a person suspected of driving while intoxicated has been placed under arrest, the statute permits the arresting officer to request that the person submit to a breathalyzer test. The statute further provides that if, "having been informed that his license or permit to drive * * * shall be immediately suspended and subsequently revoked for re *927 fusal to submit to such chemical test or any portion thereof’, the person refuses to submit to the test, "the test shall not be given and a written report of such refusal shall be immediately made by the police officer before whom such refusal was made” (Vehicle and Traffic Law § 1194 [2]). Contrary to defendant’s assertion, the statute is not violated by an arresting officer informing a person as to the consequences of his choice to take or not take a breathalyzer test. Thus, it cannot be said, in the circumstances of this case, that by informing defendant that his refusal to submit to the test would result in his arraignment before a Magistrate and the posting of bail, the officer violated the provisions of the Vehicle and Traffic Law. Finally, there being support in the record for the suppression court’s finding of probable cause, our review process is at an end (People v Jones, 69 NY2d 853, 855).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.