■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE GRIFFIN, Appellant. [599 NYS2d 825] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered March 18, 1991, convicting him of sexual abuse in the first degree (two counts) and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, a male in his twenties, and the complainant, a ten-year-old boy with a troubled psychiatric history, were not strangers to each other. They had been neighbors since the complainant was about three years old, and the defendant acted like an older brother to the complainant at times. The defendant was certainly welcome in the complainant's home. In fact, when the defendant, who had moved away a year before the incidents complained of, returned to the neighborhood in April 1990 to visit his ailing mother, the complainant's grandmother invited him to stay in their home. The defendant slept in the complainant's bedroom and was thus provided with the opportunity to commit acts of sexual abuse against the complainant on the night of April 26, 1990.

Prior to trial, the defense counsel subpoenaed the complainant's medical records and used them extensively in preparing for cross-examination of the prosecution witnesses. Although, apparently, the court had signed the subpoena, it was under the belief that it had not, and even went so far as to tell the defendant's attorney that the records should have been first examined by the court before releasing any of the information to the defendant. The court added that it was unaware that the defense had been using the subpoenaed psychiatric records in order to frame questions that it put to the complainant and

the complainant's grandmother. During the cross-examination of the complainant's grandmother, defense counsel asked when the drug Mellaril had initially been prescribed for the complainant. She replied that it was after April 1990, when the sexual abuse had occurred.

The defense counsel subsequently moved to introduce into evidence a May 11, 1989, entry from the complainant's psychiatric records, for the purpose of impeaching the grandmother's credibility. That entry showed that the complainant's psychiatrist and his grandmother had discussed prescribing Mellaril for the complainant, "to control [his] agressive *[sic]* drives", almost a year before the sexual abuse. The court stated that it was improper to introduce the extrinsic evidence of the psychiatric record on the collateral matter of the grandmother's credibility. We agree.

It is well established that the party who is cross-examining a witness cannot introduce extrinsic documentary evidence or call other witnesses to contradict a witness's answers concerning collateral matters, solely for the purpose of impeaching that witness's credibility *(see,* Richardson, Evidence § 491, at 477 [Prince 10th ed]; *People v Pavao,* 59 NY2d 282, 289; *People v Schwartzman,* 24 NY2d 241, 245, *cert denied* 396 US 846). Moreover, it is within the trial court's "wide latitude and broad discretion" in the first instance to limit the scope of cross-examination of witnesses concerning collateral matters designed to impeach their credibility. Where, as here, there has been no improvident exercise of this discretion, the trial court's determination should not be disturbed on appeal *(see, People v Sorge,* 301 NY 198, 202; Richardson, Evidence § 500, at 485 [Prince 10th ed]). Rosenblatt, J. P., Copertino, Santucci and Joy, JJ., concur.