■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOM COUSAR, Appellant. [641 NYS2d 695] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered June 16, 1994, convicting him of operating a motor vehicle while impaired in violation of Vehicle and Traffic Law § 1192 (1) and speeding in violation of Vehicle and Traffic Law § 1180 (b), upon a jury verdict, and making an unsafe lane change in violation of Vehicle and Traffic Law § 1128 (a) and consumption of alcohol in a motor vehicle in violation of Vehicle and Traffic Law § 1227 (1), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Santagata, J.), of that branch of the defendant's omnibus motion which was to suppress evidence of his refusal to submit to chemical testing of his breath.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the court did not err in denying suppression of evidence of his refusal to take a chemical test of his breath. At the hearing, the arresting of-

ficer testified that he used a standard card to read the defendant the consequences of refusing the test. When the defendant stated that he did not understand, the arresting officer explained the warnings to him "in layman's terms", stating that the defendant "could lose his license". The defendant then stated that he would not take the test. The defendant, again, refused to take the test after being apprised of his rights during a videotaping. Thus, there was ample evidence before the court to support the conclusion that the defendant was given clear and unequivocal warning of the effect of his refusal to submit to a breathalyzer test, and that he persisted in his refusal to take the test (see, Vehicle and Traffic Law § 1194 [2] [b], [f]; People v Cragg, 71 NY2d 926; People v Thomas, 46 NY2d 100; People v Bratcher, 165 AD2d 906; People v Torrey, 144 AD2d 865; People v Boudreau, 115 AD2d 652).

We also find that the prosecutor did not make any improper reference in his opening statement to the defendant's prior conviction of driving while intoxicated, nor did he elicit testimony to that effect during direct examination of the arresting officer. Sullivan, J. P., Pizzuto, Joy and Krausman, JJ., concur.