■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK GANGALE, Appellant. [671 NYS2d 148] —Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered August 25, 1997, convicting him of driving while intoxicated, as a felony, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress evidence of his refusal to submit to a blood test.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence adduced at trial was legally insufficient to support his conviction of driving while intoxicated is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250), and, in any event, without merit. Viewing the evidence in the light most favorable to the People (*see, People v Stack,* 140 AD2d 389, 391), we conclude that there was legally sufficient proof from which a rational person could reasonably conclude beyond a reasonable doubt that the defendant was operating the motor vehicle in question while intoxicated in violation of Vehicle and Traffic Law § 1192 (3). The People produced testimony from four police officers and one emergency medical technician that the defendant, who had crashed his truck into the side of a house on a clear and dry night, had glassy and bloodshot eyes, slurred speech, smelled of alcohol, and was obnoxious and argumentative. This evidence was legally sufficient to establish that the defendant was intoxicated beyond a reasonable doubt (*see, People v Bowers,* 201 AD2d 830; *People v Nedoroscik,* 178 AD2d 684; *People v Schools,* 122 AD2d 502). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the County Court did not err in denying suppression of evidence of his refusal to submit to a blood test, since there was ample evidence before the court to support the conclusion that the defendant was given clear and unequivocal warning of the effect of his refusal to submit to the blood test, and that he persisted in his refusal

to take it (*see,* Vehicle and Traffic Law § 1194 [2] [b], [f]; *People v Cragg,* 71 NY2d 926; *People v Moore,* 46 NY2d 1; *People v Cousar,* 226 AD2d 740).

The defendant's remaining contentions are unpreserved for appellate review, and in any event, without merit. Mangano, P. J., Copertino, Thompson and McGinity, JJ., concur.