*387 Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered April 4, 2000, convicting him of manslaughter in the second degree (three counts), operating a motor vehicle while under the influence of alcohol (two counts), overtaking on the right, failing to stay in a designated lane, following too closely, driving on the shoulder or slope of the roadway, failing to signal a turn, and speeding, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of manslaughter in the second degree beyond a reasonable doubt.
Contrary to the defendant’s contention, the Supreme Court properly declined to suppress the evidence of his refusal to submit to a blood test, since there was ample evidence before the court to support the conclusion that the defendant was given clear and unequivocal warning of the effect of his refusal to submit to the blood test, and that he persisted in his refusal to take it (see Vehicle and Traffic Law § 1194 [2] [b], [f]; People v Cragg, 71 NY2d 926 [1988]; People v Cousar, 226 AD2d 740 [1996]).
The Supreme Court improperly admitted into evidence portraits of the victims taken before the date of the accident, as their appearance was not relevant to any issue at trial. However, we conclude that this error was not so prejudicial as to require a new trial and should be deemed harmless in light of the overwhelming evidence of the defendant’s guilt presented at trial (see People v Stevens, 76 NY2d 833, 836 [1990]; People v Crimmins, 36 NY2d 230 [1975]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions are without merit. Santucci, J.E, Luciano, Schmidt and Adams, JJ., concur.