■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BARGER, Appellant. [913 NYS2d 266]—

Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered July 10, 2007, convicting him of driving while intoxicated, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly admitted at trial evidence of the defendant's refusal to submit to a blood alcohol test, since there was sufficient evidence before the County Court to support the conclusion that the defendant was twice given clear and unequivocal warnings of the effect of his refusal to submit to the blood alcohol test, and that he persisted in his refusal to take it (*see* Vehicle and Traffic Law § 1194 [2] [f]; *People v Gangale*, 249 AD2d 413 [1998]). The defendant's contention that the second warning

was given more than two hours after his arrest and that, therefore, it negates his persistent refusal to submit to the blood alcohol test, is without merit (*see People v Atkins*, 85 NY2d 1007, 1009 [1995]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Lundell*, 24 AD3d 569 [2005]; *People v Gangale*, 249 AD2d 413 [1998]). Specifically, the People presented sufficient evidence of the defendant's intoxication, including, inter alia, testimony that the defendant was speeding, crossed over into an oncoming lane of traffic, and crashed into a parked vehicle; the defendant admitted that he drank alcohol before the accident; the defendant and his vehicle smelled of alcohol after the accident; and there were open beer bottles in the defendant's vehicle (*see People v Shank*, 26 AD3d 812 [2006]; *People v Kane*, 240 AD2d 516 [1997]; *People v Bowers*, 201 AD2d 830 [1994]). Rivera, J.P., Florio, Belen and Austin, JJ., concur.