OPINION OF THE COURT
Memorandum.
Ordered that the judgment convicting defendant of driving while intoxicated is reversed, on the facts, the accusatory instrument is dismissed, and the fine, if paid, is remitted; and it is further, ordered that the judgment convicting defendant of speeding is affirmed.
The People charged defendant with aggravated driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2-a]), common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), and speeding (Vehicle and Traffic Law § 1180 [d]). At the jury trial, a New York State trooper testified that he had observed defendant operating his vehicle at 95 miles per hour on the New York State Thruway in the Town of Woodbury, Orange County, New York. After being “spotlighted” by the trooper, defendant slowed his vehicle, and the trooper followed defendant for a considerable distance before electing to activate his lights and stop defendant. The trooper acknowledged that *35 from the time defendant had slowed his vehicle until he had stopped, defendant had operated his vehicle normally. While obtaining defendant’s driver’s documentation, the trooper detected the odor of an alcoholic beverage on defendant’s breath. The trooper asked defendant where he was going and if he had been drinking, and defendant stated that he was returning home from a “Yankees” baseball game and had consumed beer. The trooper saw that defendant’s eyes were glassy and arrested defendant. The trooper advised defendant of his Miranda rights, which defendant waived, and defendant consented to a chemical test of the alcohol content of his blood. The test produced a blood alcohol reading of .19% by weight. The Justice Court instructed the jury that they could also consider the offense of driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]) as a lesser included offense of aggravated driving while intoxicated per se. The jury acquitted defendant of aggravated driving while intoxicated per se and driving while intoxicated per se, and convicted defendant of common-law driving while intoxicated and speeding.
Defendant appeals, arguing, among other matters, that the evidence was legally insufficient to support the convictions of common-law driving while intoxicated and speeding, and, in any event, that the convictions were against the weight of the evidence.
The evidence adduced as to the state of defendant’s intoxication was that he operated his vehicle at an excessive rate of speed, exhibited glassy eyes, had an odor of an alcoholic beverage, and admitted having consumed beer some time earlier. The arresting officer observed no other indicia of actual impairment of motor coordination and conducted no field sobriety tests, and while another trooper apparently conducted such tests, the People elicited no testimony with respect to them. Although speeding might be taken to reveal a diminishment of the “mental abilities which [a person] is expected to possess in order to operate a vehicle as a reasonable and prudent driver” (People v Cruz, 48 NY2d 419, 427 [1979]; e.g. People v Barger, 78 AD3d 1191, 1192 [2010]), absent any other evidence tending to prove defendant’s inability physically to operate his vehicle as a reasonable and prudent person, the proof of speeding is too equivocal to be given significant weight as to defendant’s state of intoxication.
Where, as here, a conviction of common-law driving while intoxicated is involved, unlike a conviction for driving while *36 intoxicated per se, “a high blood alcohol count” (Romano v Stanley, 90 NY2d 444, 450 [1997]), while supporting an inference of “some evidence of intoxication” (Johnson v Plotkin, 172 AD2d 88, 91 [1991]), does not, standing alone, provide a sufficient basis to infer a state of intoxication, beyond a reasonable doubt, where there are insufficient additional indicia that the alcohol actually diminished a person’s ability to operate a motor vehicle in a reasonable and prudent fashion to the degree consistent with intoxication. Accordingly, the conviction of common-law driving while intoxicated is reversed, the accusatory instrument dismissed, and the fine, if paid, remitted.
The trial evidence, however, established that defendant exceeded the 65-miles-per-hour speed limit, given the trooper’s testimony as to his training and considerable experience in estimating the speeds of vehicles, particularly one traveling at 30-35 miles per hour over the speed limit (see People v Olsen, 22 NY2d 230, 232 [1968]; People v Tsys, 29 Misc 3d 143[A], 2010 NY Slip Op 52213[U] [App Term, 9th & 10th Jud Dists 2010]). Such evidence is legally sufficient to prove the offense without regard to whether, as defendant argues, the foundation evidence of the proper calibration and use of the laser device was insufficiently established. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490 [1987]). Upon this record, we find that the speeding conviction was not against the weight of the credible evidence. Trooper Paneiro’s testimony as to his training and experience with respect to estimating the speeds of vehicles was unrebutted and persuasive on its face, and there are no grounds to discredit his testimony that he observed defendant traveling 30-35 miles per hour over the speed limit. Accordingly, the judgment convicting defendant of speeding is affirmed.
Defendant’s remaining contentions either are without merit or involve harmless error.