Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered March 11, 2010, convicting him of aggravated vehicular assault (three counts), assault in the second degree (two counts), criminal mischief in the fourth degree, and leaving the scene of an accident without reporting, upon a jury verdict, and sentencing him to indeterminate terms of imprisonment of 5 to 15 years on each count of aggravated vehicular assault, determinate terms of imprisonment of five years on each count of assault in the second degree, to be followed by a two-year period of postrelease supervision on each of those convictions, and a definite term of incarceration of one year on each of the remaining convictions, all to run concurrently.
Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed upon the defendant’s convictions on each count of aggravated vehicular assault from an indeterminate term of imprisonment of 5 to 15 years to an indeterminate term of imprisonment of 3 to 9 years; as so modified, the judgment is affirmed.
Contrary to the defendant’s contention, the County Court *672 properly admitted at trial evidence of his refusal to submit to a blood test, since there was sufficient evidence before the court to support the conclusion that the defendant was three times given clear and unequivocal warnings of the effect of his refusal to submit to the blood test, and that he persisted in his refusal to do so (see Vehicle and Traffic Law § 1194 [2]; People v Barger, 78 AD3d 1191, 1192 [2010]; People v Tetrault, 53 AD3d 558, 559 [2008]; cf. People v D’Angelo, 244 AD2d 788 [1997]; Matter of Prince v Department of Motor Vehicles, 36 Misc 3d 314, 321-322 [2011]).
Contrary to the People’s contention, the defendant preserved for appellate review his contention that the County Court’s jury charge failed to adequately instruct the jury as to how it may consider the evidence of his refusal to submit to a blood test (see CPL 470.05 [2]; cf. People v O’Hara, 96 NY2d 378, 383-384 [2001]; People v Williams, 38 AD3d 925 [2007]). However, the defendant’s contention is without merit because the charge, taken as a whole, was a correct statement of the law and it adequately instructed the jury about the manner in which it may consider his refusal to submit to a blood test as evidence of his consciousness of guilt (see People v Smith, 18 NY3d 544, 550-551 [2012]; People v Davis, 8 Misc 3d 158, 163-169 [2005]; see also People v Drake, 7 NY3d 28, 34 [2006]; People v Warren, 76 NY2d 773, 775 [1990]; People v Bogan, 78 AD3d 855, 856 [2010]; cf People v MacDonald, 89 NY2d 908, 910 [1996]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt as to each count of aggravated vehicular assault beyond a reasonable doubt (see Penal Law § 120.04-a [4]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]).
Under the circumstances of this case, the sentence imposed was excessive to the extent indicated herein.
*673 The defendant’s remaining contentions are unpreserved for appellate review and, in any event, are without merit. Skelos, J.P., Dickerson, Chambers and Hinds-Radix, JJ., concur.