2014-2090 N CR The People of the State of New York, Respondent,
against
Diana M. Cimitile, Appellant.



Appeal from two judgments of the District Court of Nassau County, First District (Susan T. Kluewer, J.), rendered September 5, 2014. The judgments convicted defendant, upon jury verdicts, of driving while intoxicated per se and common-law driving while intoxicated, respectively.




ORDERED that the judgments of conviction are reversed, on the facts, and the accusatory instruments are dismissed.
Defendant was charged with driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and failure to maintain lane (Vehicle and Traffic Law § 1128 [c]).
At a jury trial, the People presented evidence that, at approximately 6:05 a.m. on May 4, 2013, defendant was driving a 2008 Ford Mustang eastbound in the left lane of the Long Island Expressway. A Nassau County police officer followed defendant for nearly two miles and observed that she was unable to maintain her lane of travel. When the officer stopped defendant, he noticed a strong smell of alcohol emanating from her vehicle. Her eyes were glassy and bloodshot, her speech was slurred, and she was unsteady on her feet when she exited her vehicle. When the officer began to administer standard field sobriety tests to defendant, she began to cry hysterically. She was able to perform two of the tests, but was unable to perform a horizontal gaze nystagmus test because she was crying. Defendant was transported to the Nassau County Police Central Testing Station (CTS), where a breath test was administered to defendant more than two hours after she had been stopped. Defendant's blood alcohol content was measured by an Intoxilyzer 5000-EN instrument at .09 of one percent. Additional field sobriety tests were administered at CTS. Defendant exhibited no clues of intoxication when she performed the horizontal gaze nystagmus and one-leg stand tests. She "perfectly" performed the nine-step walk-and-turn test. She was also given three non-standard field sobriety tests. Defendant was able to perform the "Romberg balance" test, albeit with "a noticeable front-to-back sway." Finally, defendant correctly performed the "finger-to-nose" test five times out of six.
Defendant called an expert witness on her behalf, who testified with respect to the possibility of an incorrect measurement of defendant's blood alcohol content.
Following the trial, the jury convicted defendant of driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]) and common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). On appeal, defendant contends that the verdicts of guilt were against the weight of the evidence.
In exercising its factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), this court accords great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, [*2]890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). This court must weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony. We must first determine that an acquittal would not have been unreasonable based upon the evidence presented, and second, whether the jury failed to accord the evidence the weight it should have been accorded (see People v Danielson, 9 NY3d at 348). In this case, we find that an acquittal would not have been unreasonable and that the verdicts of guilt were against the weight of the evidence.
Defendant's blood alcohol content was recorded at just slightly over the legal limit more than two hours after her vehicle had been stopped. Defendant correctly performed all of the standard field sobriety tests, and substantially correctly performed the non-standard field sobriety tests. Based on this evidence, and the testimony of defendant's expert witness, we find that the verdicts of guilt of driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]) and common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) were against the weight of the evidence (see People v Grennon, 36 Misc 3d 33, 35-36 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). We note that the administration of a chemical test "is a time-sensitive proposition; to maximize the probative value of [blood alcohol content] evidence, the police endeavor to administer chemical tests as close in time as possible to the motor vehicle infraction, typically within two hours of an arrest" (People v Smith, 18 NY3d 544, 548 [2012]).
Accordingly, the judgments of conviction are reversed and the accusatory instruments are dismissed.
Iannacci, J.P., and Brands, J., concur.
Decision Date: April 07, 2017