██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN F. MCMAHON, Appellant. [53 NYS3d 655]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cohen, J.), rendered August 25, 2015, convicting him of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), failure to stay in a designated lane, failure to stop at a stop sign, and speeding, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Braslow, J.), of that branch of the defendant's omnibus motion which was to suppress evidence of his refusal to submit to a chemical breath test.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court, after a pretrial hearing, properly declined to suppress evidence of his refusal to submit to a chemical breath test. There was sufficient evidence before the hearing court to support the conclusion that the defendant was given clear and unequivocal warnings of the effect of his refusal, and that he persisted in his refusal to submit to the test (*see* Vehicle and Traffic Law § 1194 [2] [f]; *People v Barger*, 78 AD3d 1191 [2010]; *People v Tetrault*, 53 AD3d 558, 559 [2008]; *People v Gangale*, 249 AD2d 413 [1998]).

The defendant's contention that the County Court violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution is without merit. While the Confrontation Clause guarantees an opportunity for effective cross-examination, it does not guarantee a cross-examination "that is effective in whatever way, and to whatever extent, the defense might wish" (*Delaware v Fensterer*, 474 US 15, 20 [1985]; *see People v Burns*, 6 NY3d 793, 795 [2006]; *People v Goodson*, 35 AD3d 760, 761 [2006]). It is within the discretion of the trial court to limit the scope of cross-examination when questions are irrelevant, concern collateral issues, or risk misleading the jury (*see Delaware v Van Arsdall*, 475 US 673, 679 [1986]; *People v Legere*, 81 AD3d 746, 750 [2011]). Here, the court's limitation of the defense cross-examination was a provident exercise of its discretion (*see People v Pavao*, 59 NY2d 282, 288-289 [1983]; *People v Sorge*, 301 NY 198, 202 [1950]; *People v Carey*, 67 AD3d 925, 926 [2009]; *People v Griffin*, 194 AD3d 738, 739 [1993]; *People v Rivers*, 109 AD2d 758, 761 [1985]).

The defendant's contention that the mandatory surcharges imposed at sentencing should be waived is unpreserved for appellate review (*see People v Ruz*, 70 NY2d 942, 943 [1988]; *People v Norelius*, 140 AD3d 799, 799 [2016]; *People v Francis*, 82 AD3d 1263, 1263 [2011]), and, in any event, without merit (*see* CPL 420.35 [2]; *People v Jones*, 26 NY3d 730, 732 [2016]; *People v Bones*, 52 AD3d 522, 523 [2008]; *People v Domin*, 13 AD3d 391, 392 [2004]; *People v Owens*, 10 AD3d 619 [2004]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Leventhal, Barros and Brathwaite Nelson, JJ., concur.