People v Repka (2018 NY Slip Op 07155)





People v Repka


2018 NY Slip Op 07155


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-02075
 (Ind. No. 1337/14)

[*1]The People of the State of New York, respondent,
v
Vincent P. Repka, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Thomas C. Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Richard Ambro, J.), rendered January 27, 2016, convicting him of criminal contempt in the first degree, criminal contempt in the second degree, unauthorized use of a motor vehicle in the third degree, driving while intoxicated, unlawful fleeing a police officer in a motor vehicle in the third degree, reckless driving, speeding, failing to stop at a stop sign, failing to signal before turning, and failing to stay in a designated lane, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence of his refusal to submit to a chemical breath test.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt of criminal contempt in the first degree and criminal contempt in the second degree beyond a reasonable doubt (see People v Inserra, 4 NY3d 30, 33; People v James, 135 AD3d 787, 788; People v Harris, 72 AD3d 1492, 1492). Moreover, upon our independent review of the record (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon viewing the record here, we are satisfied that the verdict of guilt of criminal contempt in the first degree and criminal contempt in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the County Court, after a pretrial hearing, properly declined to suppress evidence of his refusal to submit to a chemical breath test. There was sufficient evidence before the court to support the conclusion that the defendant was given clear and unequivocal warnings of the effect of his refusal, and that he persisted in his refusal to take the test (see Vehicle and Traffic Law § 1194[2][f]; People v McMahon, 149 AD3d 1102, 1102; People v Tetrault, 53 AD3d 558, 559; People v Gangale, 249 AD2d 413, 413-414).
DILLON, J.P., BALKIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court