The People of the State of New York, Respondent,
against
Charles D. Pell, Appellant.




Dutchess County Public Defender (Larwence D. King of counsel), for appellant.
Dutchess County District Attorney (Kirsten A. Rappleyea of counsel), for respondent.

Appeal from judgments of the Justice Court of the Village of Fishkill, Dutchess County (Carl S. Wolfson, J.), rendered September 28, 2015. The judgments convicted defendant, upon jury verdicts, of driving while intoxicated per se and common-law driving while intoxicated, respectively, and imposed sentences.




ORDERED that the judgments of conviction are affirmed.
Insofar as is relevant to this appeal, defendant was charged with driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]) and common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]).
At a jury trial, the People presented evidence that, on June 4, 2014, at about 7:15 p.m., defendant was driving a vehicle which failed to stop at a stop sign on Route 52 in the Town of Fishkill. After a police officer stopped defendant's vehicle, the officer observed that defendant had "bloodshot and glassy" eyes, and that an odor of an alcoholic beverage emanated from the vehicle. The officer then administered alphabet and finger-touch tests to defendant, which are non-standard field sobriety tests. When defendant failed these tests, the officer administered standard field sobriety tests, including horizontal gaze nystagmus, one-leg-stand, and walk-and-turn tests, which defendant also failed. Upon administering the tests, the officer detected an odor of an alcoholic beverage emanating from defendant's breath and observed that defendant had "slightly droopy eyelids and a slightly hunched posture." Defendant was arrested and transported to police headquarters, where he admitted to having consumed two beers that day. A breath test was administered to defendant less than two hours after his vehicle had been stopped, and defendant's blood alcohol content was measured at .11%. At the conclusion of the People's case, [*2]defendant rested without presenting any evidence. Following the trial, the jury convicted defendant of both charges, and sentences were imposed. 
On appeal, defendant contends that the evidence was legally insufficient to support his convictions of driving while intoxicated per se and common-law driving while intoxicated, and, in any event, the verdicts convicting him of these charges were against the weight of the evidence.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]) and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), we find that it was legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of driving while intoxicated per se (see People v Ormsby, 119 AD3d 1159, 1160 [2014]). 
While a high blood alcohol content is "some evidence of intoxication with regard to [the charge of common-law driving while intoxicated], it does not, standing alone, provide a sufficient basis to infer a state of intoxication absent additional proof of intoxication" (People v Brosnan, 62 Misc 3d 21, 24 [App Term, 2d Dept, 9th & 10th Jud Dists 2018] [internal quotation marks omitted]; see People v Morren,52 Misc 3d 132[A], 2016 NY Slip Op 51005[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; People v Grennon, 36 Misc 3d 33, 36 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; see also Vehicle and Traffic Law § 1195 [1]). In the case at bar, however, in addition to the proof of defendant's .11% blood alcohol content, there was testimony regarding the indicia of the physical effects upon defendant of alcoholic beverage consumption, defendant's failure to adequately perform the field sobriety tests, and defendant's admission that he had consumed two beers. Viewed in the light most favorable to the People (see People v Contes, 60 NY2d at 621) and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d at 437), we find that the foregoing evidence was legally sufficient to establish that defendant was intoxicated, in that there existed an " 'actual impair[ment] . . . [of] the physical and mental abilities which [he was] expected to possess in order to operate a vehicle as a reasonable and prudent driver' " (People v Vandover, 20 NY3d 235, 239 [2012], quoting People v Cruz, 48 NY2d 419, 427 [1979]; see also People v McNamara, 269 AD2d 544, 545 [2000]; People v Brosnan, 62 Misc 3d 21; People v Broomfield, 55 Misc 3d 137[A], 2017 NY Slip Op 50506[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Gonzalez, 50 Misc 3d 131[A], 2015 NY Slip Op 51938[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Consequently, the People established defendant's guilt, beyond a reasonable doubt, of common-law driving while intoxicated (see People v Brosnan, 62 Misc 3d 21).
Even though it is well settled that a test result indicating a blood alcohol content of .08 of one per centum or more by weight of alcohol is prima facie evidence of a defendant's violation of Vehicle and Traffic Law § 1192 (2) (see People v DeMarasse, 85 NY2d 842, 845 [1995]; People v Mertz, 68 NY2d 136, 139 [1986]), defendant contends that, since no evidence was produced regarding when he had allegedly consumed alcohol, his blood alcohol content at the time his vehicle was stopped could have been less than the statutory threshold of .08% and had risen to .11% by the time he took the breath test almost two hours later. Indeed, most of defense counsel's summation dealt with this issue. He argued that the jurors did not know when, or if, defendant had drunk the contents of the empty alcoholic containers recovered from his vehicle; [*3]that the sergeant had delayed in testing defendant because he had thought that defendant had drunk the beverage in the containers and that defendant's blood alcohol level would be increasing, so he waited almost two hours after the arrest to cause the test results to "be as high as it could be"; and that the jurors did not know defendant's blood alcohol level at the time he was driving the vehicle. As instructed by the court, the jury was free to accept or reject defense counsel's arguments (see People v Brown, 139 AD3d 964, 966 [2016]), and the jury is presumed to have followed the court's instructions (see People v Stone, 29 NY3d 166, 171 [2017]; People v Baker, 14 NY3d 266, 274 [2010]). In the case at bar, the jury apparently rejected the arguments.
Upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the jury's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdicts convicting defendant of driving while intoxicated per se and common-law driving while intoxicated were not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).
Accordingly, the judgments of conviction are affirmed.
TOLBERT, J.P., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 27, 2019