People v Dawson (2020 NY Slip Op 51414(U))

[*1]

People v Dawson (Gregory)

2020 NY Slip Op 51414(U) [69 Misc 3d 146(A)]

Decided on November 19, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 19, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2017-1249 S CR

The People of the State of New York,
Respondent, 
against
Gregory P. Dawson, Appellant. 

Suffolk County Legal Aid Society (Lisa A. Marcoccia of counsel), for appellant.
Suffolk County District Attorney (Elizabeth Miller of counsel), for respondent.

Appeal from two judgments of the District Court of Suffolk County, First District (Robert
Cicale, J.), rendered May 24, 2017. The judgments convicted defendant, after a nonjury trial, of
driving while intoxicated (common law) and failure to maintain lane, respectively, and imposed
sentences. The appeal brings up for review an order of that court (Richard T. Dunne, J.) rendered
December 19, 2016 denying defendant's motion to suppress post-seizure evidence.

ORDERED that the judgments of conviction are affirmed.
Defendant was charged in a misdemeanor information with driving while intoxicated
(common law) (Vehicle and Traffic Law § 1192 [3]), and in a simplified traffic information
with failure to maintain lane (Vehicle and Traffic Law § 1128 [a]), based upon a single
incident. At a pretrial suppression hearing, the arresting officer testified that, on October 24,
2015 at approximately 2:56 a.m., he was driving immediately behind defendant and observed
defendant's vehicle cross over a double yellow line and into the lane for opposing traffic at least
three times. The officer effected a traffic stop and observed that defendant appeared intoxicated
in that there was a smell of alcohol on his breath, his eyes were bloodshot and glassy, and his
speech was slurred. When he exited his vehicle, defendant was unsteady on his feet, and he failed
each of three field sobriety tests. The officer arrested defendant and transported him to the
precinct, where the officer read the standard refusal warnings to him. The officer then asked
defendant three separate times if he would consent to a chemical analysis of his breath.
Defendant refused each time, adding, "No, I'm not doing that" and "No, I'd rather go to a
hearing." The hearing court denied in its entirety defendant's motion to suppress the evidence
obtained.
Contrary to defendant's claim that the evidence constituted poisoned fruits of an unlawful
seizure (see People v Graham, 54
AD3d 1056, 1058 [2008] ["A traffic stop constitutes a limited [*2]seizure of the person of each occupant"]), the officer did in fact
possess reasonable cause to effect a traffic stop based upon his clear observation of defendant's
vehicle repeatedly crossing over the double yellow line that separated his driving lane from the
opposing lane (see Matter of Crowder v
Fiala, 175 AD3d 1408, 1409 [2019]; People v James, 155 AD3d 1094, 1096 [2017]; People v Matos, 60 Misc 3d
130[A], 2018 NY Slip Op 50994[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists
2018]). Therefore, the hearing court did not err in denying defendant's motion to suppress the
post-seizure evidence obtained.
During the nonjury trial, the arresting officer testified consistently with his hearing
testimony. However, he did acknowledge for the first time at trial that, after he read aloud the
standard refusal warnings, defendant inquired what would be the consequences of refusing to
submit to a chemical analysis of his breath. The officer responded that a hearing would be held at
the New York State Department of Motor Vehicles (DMV) "and they would probably suspend
his license." It was then that defendant responded, "No. I'd rather go to a hearing." A police
sergeant also testified that he arrived on the scene after defendant had already exited his vehicle.
According to the sergeant, defendant appeared intoxicated in that he "had slurred speech. I could
smell the alcohol from him and . . . he was unsteady on his feet."
Defendant's preserved argument that the trial court erred in denying his application to reopen
the refusal portion of the hearing lacks merit. Neither the intelligence nor the voluntariness of
defendant's persistent refusal was vitiated by the "arresting officer informing [him] as to the
consequences of his choice to take or not take a breathalyzer test" (People v Cragg, 71
NY2d 926, 926 [1988]; see People v Cousar, 226 AD2d 740, 740-741 [1996]). Indeed,
defendant's declaration that he preferred to face a DMV hearing, despite being informed correctly
of the potential loss of his driving privilege, demonstrated his knowing intent to refuse the
chemical testing of his breath. Consequently, "the court providently exercised its discretion in
denying [defendant's] motion, made during the trial, to reopen the suppression hearing. . . .
[D]efendant failed to demonstrate that the new facts he proffered . . . were likely to affect the
original determination" (People v
Moore, 118 AD3d 916, 918 [2014]). In any event, defendant was not entitled to the
reopening of the hearing since the officer's conversation with defendant did not constitute a
"pertinent fact[ ] . . . discovered by . . . defendant which he could not have discovered with
reasonable diligence before the determination of the [suppression] motion" (CPL 710.40 [4]; see People v Quigley, 161 AD3d
780 [2018]; People v Velez, 39
AD3d 38, 43 [2007] ["It is true that, because a defendant is presumed to know the
circumstances of his or her own arrest and therefore is capable of eliciting evidence of those
circumstances at a pretrial hearing, motions to re-open suppression hearings generally are denied
where the new facts proffered go only to the circumstances surrounding the defendant's
arrest"]).
Assuming, without deciding, that the field sobriety tests were marred by incorrect and
improper testing procedures and instructions given by the officer, as defendant claims on appeal,
and disregarding the test results in their entirety, the remaining trial evidence was legally
sufficient to support the guilty verdicts in that it was "competent evidence which, if accepted as
true, would establish every element of an offense[s] charged and the defendant's commission
thereof" (CPL 70.10). Defendant's erratic driving which led his vehicle to repeatedly cross the
double yellow line into the lane for oncoming traffic, the smell of alcohol on his breath, his
bloodshot and glassy eyes, slurred speech and inability to balance himself—all of which
was [*3]observed by the arresting officer and most of which was
observed by the on-scene sergeant—sufficiently supported both guilty verdicts as a matter
of law. Defendant's convictions also were not against the weight of this same evidence.
Accordingly, the judgments of conviction are affirmed.
GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 19, 2020