People v Aidibe (2024 NY Slip Op 50536(U))

[*1]

People v Aidibe

2024 NY Slip Op 50536(U)

Decided on May 6, 2024

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 6, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Samahremartina Aidibe, Defendant.

Docket No. CR-014552-23BX

For the People:
Darcel D. Clark, District Attorney, Bronx County
(by: ADA Owen R. Braley)
For the Defendant:
Jeffrey P. Chartier, Esq.

Yadhira González-Taylor, J.

By motion filed March 21, 2024, defendant Samahremartina Aidibe moves this Court for dismissal of the accusatory instrument for facial insufficiency pursuant to Criminal Procedure Law ("CPL") § 170.30 (1) (a) or, alternatively, for an order: directing the prosecution to preserve and retain Brady and Rosario evidence; the People from inquiring into defendant's prior bad acts or convictions, or for a Sandoval/Ventimiglia hearing; suppressing oral, written or recorded statements made by defendant to law enforcement, or a Huntley hearing; suppressing evidence of chemical or field sobriety test; finding no probable cause existed for the police stop of defendant's vehicle, or ordering an Ingle/Dunaway hearing; directing compliance with CPL §§ 245.20 and 245.60; and granting leave to defendant to reserve her rights to file additional motions. On April 15, 2024, the People opposed defendant's motion to dismiss and consented to the hearings requested in her omnibus motion. 
Upon review and consideration of the submissions, court file and relevant legal authority, the Court:
DENIES defendant's motion for dismissal for facial insufficiency pursuant to CPL § 170.30 (1) (a); and
GRANTS defendant's motion for Huntley and Ingle/Dunaway pre-trial hearings; and
GRANTS defendant's application seeking the right to make further motions to the extent provided by CPL § 255.20 (3); and
REFERS defendant's request for an order precluding statement evidence and evidence of defendant's prior bad acts or criminal convictions or, in the alternative, granting a Sandoval/Ventimiglia hearing to the trial court; and
DIRECTS the People to comply with their continuing discovery obligations pursuant to CPL § 245, including Brady and Rosario disclosures. 
Additionally, the Court finds that there are no unresolved issues which warrant a hearing pursuant to People v Allard, 28 NY3d 41 [2016].
 RELEVANT PROCEDURAL BACKGROUND
On July 4, 2023, defendant Samahremartina Aidibe was arrested and charged with violating Vehicle and Traffic Law ("VTL") §§ 1192 (3) (driving while intoxicated) and § 1192 (1) (driving while impaired), a misdemeanor and violation, respectively. Defendant was arraigned on the first-party criminal complaint and released on her own recognizance.
The People filed their Certificate of Compliance ("CoC") and Statement of Readiness ("SoR") off-calendar on August 22, 2023, and at the discovery conference held on December 11, 2023, defense counsel advised the court that he was having trouble accessing the People's disclosures, and on March 22, 2024, defendant filed the instant motion.

DISCUSSION
I. Applicable Standard for Facial Sufficiency Challenge
To meet the jurisdictional standard for facial sufficiency, a misdemeanor complaint "need only set forth facts that establish reasonable cause to believe that the defendant committed the charged offense" (see People v Smalls, 26 NY3d 1064, 1066 [2015]; see also CPL § 100.40 [1] [b]; § 70.10). The accusatory instrument must set forth non-hearsay facts of an evidentiary nature which, if true, establish every element of the offense charged (see People v Suber, 19 NY3d 247 [2012]; People v Dumas, 68 NY2d 729 [1986]). It is well-settled that "mere conclusory allegations are insufficient [ ] and a purported information which fails to meet these requirements is fatally defective" (see People v Pamulo, 48 Misc 3d 1227 [A], 2015 NY Slip Op 51286 [U], **2 (Crim Ct, New York County 2015] [citations omitted] citing People v Alejandro, 70 NY2d 133, 136 [1987]).
The Accusatory Instrument at Bar
The factual allegations at bar provide, in pertinent part, that:
PO JOSEPH BRIGGS OF HWY 01, ShieldNo. 29385, states that on or about July 4, 2023, at approximately 12:30 AM at Northeast corner of Zerega Avenue and Bruckner Expressway, , [sic] County of the Bronx, State of New York, [... ]
Deponent states that, at the above time and place, he observed defendant operating a red 2017 Ford Escape (Connecticut license plate AU28715), in that he observed defendant seated behind the steering wheel, keys in the ignition, engine running, headlights on, and moving along a public roadway. Deponent further sates that he observed defendant driving said vehicle northbound on Bruckner Expressway between 75 and 80 miles per hour while switching lanes without signaling.
Deponent further states that he observed the defendant to have an odor of an alcoholic beverage on her breath. Deponent states that defendant stated in sum and substance: I HAD ONE DRINK I WAS COMING FROM A SUSHI RESTAURANT.
Deponent further states that he was present at the administration of a chemical test analysis of defendant's breath, and that defendant's blood alcohol content as displayed on the breath analysis machine was .053 of one per centum by weight. 
II. The Parties' Arguments
Defense counsel maintains that the accusatory instrument fails to indicate that the operation of the vehicle and the intoxication occurred contemporaneously (affirmation of defendant's counsel at 6). Specifically, counsel argues that the information makes no mention that defendant was driving erratically (affirmation of defendant's counsel at 6). Additionally, counsel avers that the alleged blood alcohol content ("BAC"), under .06, is insufficient to indicate intoxication or impairment (affirmation of defendant's counsel at 6). Defendant argues alternatively that criminal history, statement, and physical evidence, including breathalyzer results, should be suppressed, or precluded because police officers lacked probable cause to arrest defendant or, alternatively, that defendant should be granted hearings to determine the admissibility of said evidence pursuant to Huntley and Ingle/Dunaway, and Sandoval/Ventimiglia (affirmation of defendant's counsel at 3-4). Lastly, defendant avers that the People should be compelled to comply with their disclosure obligations, including Brady/Rosario evidence (affirmation of defendant's counsel at 7). 
Initially, the prosecution maintains that the accusatory instrument establishes every element of the charged offenses with specificity, including the allegations that defendant was observed committing multiple traffic violations, including speeding more than the posted limit and switching lanes without signaling, which gave rise to probable cause to affect the stop (People's affirmation at 6-9). Additionally, the prosecution avers that defendant admitted to the arresting officer, who observed the smell of an alcoholic beverage emanating from defendant's breath, that she had consumed alcohol that night, which was corroborated by chemical test results (People's affirmation at 9). Finally, the People summarily oppose defendant's request for suppression and preclusion orders and acknowledge their continuing disclosure obligations, including Rosario and Brady evidence (People's affirmation at 1).
III. The Court's Analysis
It is well-settled that although the allegations in a criminal complaint must give rise to a prima facie case, courts have declined to give an accusatory instrument an overly technical reading (see People v Konieczny, 2 NY3d 569, 575 [2004]). 
A. Driving While Impaired, VTL § 1192 (1)
Vehicle and Traffic Law § 1192 (1) provides that "[n]o person shall operate a motor vehicle while the person's ability to operate such vehicle is impaired by the consumption of alcohol" (see VTL § 1192 [1] [emphasis added]). New York Criminal Jury Instructions ("CJI") further provides in pertinent part that "[t]he law does not require any particular chemical or physical test to prove that a person's ability to operate a motor vehicle was impaired by the consumption of alcohol," and included in the "surrounding facts and circumstances" a jury may consider are the defendant's physical condition and appearance, manner of speech and "the manner in which defendant operated the motor vehicle" as well as "the presence or absence of alcohol" (see CJI2d[NY] Vehicle and Traffic Law § 1192 [1], https://nycourts.gov/judges/cji/3-vtl/vtl_1192/1192[1].pdf [last accessed May 5, 2024] [emphasis added]).
First, the accusatory instrument alleges facts concerning the manner in which defendant operated her vehicle, to wit: that the arresting officer personally observed defendant driving on the Bruckner Expressway between 75 and 80 miles per hour while switching lanes without signaling, which precipitated the traffic stop. Second, it is alleged that deponent observed [*2]defendant to have an odor of an alcoholic beverage emanating from her breath. Furthermore, defendant informed the deponent that she was in transit from a restaurant where she had imbibed an alcoholic beverage, which consumption was confirmed by the results of a chemical breath test. 
The gravamen of defendant's facial insufficiency argument is that the instrument does not provide indicia that operation of the vehicle and intoxication occurred simultaneously, nor has the prosecution created an inference that defendant was driving erratically. Counsel cites to cases purportedly in support of that proposition, including People v Schools, 122 AD2d 502, 503-505 [App Div 3rd Dept 1986] ["The sine qua non for conviction is the operation of a vehicle simultaneously with intoxication"]). However, viewed in the light most favorable to the People, the factual allegations strongly suggest that defendant's ability to operate her vehicle had been impaired (see People v Cruz, 48 NY2d 419, 427 [1979] ["It is evident from the statutory language and scheme that the question in each case is whether, by voluntarily consuming alcohol, this particular defendant has actually impaired, to any extent, the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver"] [emphasis added]).
Given the allegations that defendant was speeding and changing lanes haphazardly, coupled with the observation that defendant had alcohol on her breath and admitted drinking, we find that the VTL § 1192 (1) charge is facially sufficient. 
B. Driving While Intoxicated (Common Law), VTL § 1192 (3)
Vehicle and Traffic Law § 1192 (3) provides that "[n]o person shall operate a motor vehicle while in an intoxicated condition (see VTL § 1192 [3]). Known as common law intoxication, the prosecution must prove the charge with evidence that defendant imbibed alcohol "to the extent that he or she is incapable, to a substantial extent, of employing the physical and mental abilities which he or she is expected to possess in order to operate a vehicle as a reasonable and prudent driver" and, thus, a jury may consider factors including "defendant's manner of speech, opinion testimony regarding defendant's sobriety, the presence or absence of alcohol, and the circumstances of any accident" (see CJI2d[NY] Vehicle and Traffic Law § 1192 [3], https://nycourts.gov/judges/cji/3-vtl/vtl_1192/1192[3].pdf [last accessed May 5, 2024] ["The law does not require any particular chemical or physical test to prove that a person was in an intoxicated condition")]; see also Cruz at 428).
Considered cumulatively, as with VTL § 1192 (1), the allegations at bar tend to demonstrate a prima facie case that defendant was incapable of employing the physical and mental capabilities expected from a prudent and reasonable driver where she is alleged to have been changing lanes without signaling while speeding at 75 to 80 mph on the Bruckner Expressway. And although the record at bar includes BAC results, the prosecution is not required to corroborate by chemical test the arresting officer's independent observation that when he pulled her vehicle over, defendant's breath smelled of alcohol, which she admitted drinking at the restaurant she had just left.
The prosecution has met its burden insofar as the charged offense is supported by non-hearsay evidence (see Van De Cruze at 4 ["The prima facie case for an information, in contrast, excludes only particular type of incompetent evidence— hearsay —without restricting the People from utilizing other types of proof in order to commence a criminal proceeding"] citing CPL § 100.40[1][c]).
Accordingly, this Court finds that pursuant to CPL § 100.40 (1) (c) and § 100.15 (3) the factual allegations provided within the four corners of the accusatory instrument are deemed facially sufficient on all charged offenses.
IV. Defendant's Request for an Order Granting Other Relief
The Court denies defendant's request for an order suppressing statement, physical and identification evidence but grants defendant's motion for Huntley and Ingle/Dunaway pre-trial hearings. Additionally, the Court grants defendant's request to reserve her right to make further motions to the extent provided by CPL § 255.20 (3).
The Court respectfully refers defendant's request for an order precluding statement evidence and evidence of prior bad acts and criminal convictions or, in the alternative, granting a Sandoval/Ventimiglia hearing to the trial court. 
The People are directed to comply with their continuing discovery obligations pursuant to CPL § 245, including Brady and Rosario disclosures. 
Lastly, the Court finds that there are no unresolved issues which warrant a hearing pursuant to People v Allard, 28 NY3d 41 [2016].

CONCLUSION
Based upon the foregoing, defendant's motion for dismissal of the accusatory instrument for facial insufficiency is DENIED, and the Court:
GRANTS defendant's motion for Huntley and Ingle/Dunaway pre-trial hearings; and
GRANTS defendant's application seeking the right to make further motions to the extent provided by CPL § 255.20 (3); and
REFERS defendant's request for an order precluding statement evidence and evidence of defendant's prior bad acts or criminal convictions or, in the alternative, granting a Sandoval/Ventimiglia hearing to the trial court; and
DIRECTS the People to comply with their continuing discovery obligations pursuant to CPL § 245, including Brady and Rosario disclosures. 
This constitutes the opinion, decision, and the order of the Court.
Dated: May 6, 2024
Bronx, New York
_____________________________
Hon. Yadhira González-Taylor, J.C.C.